JULIEN RANSONE, plaintiff in error, *vs.* HOPE H. CHRISTIAN, defendant in error.

1. An action for libel is not amendable by adding a count for trespass to the person, especially if the trespass, at the time the amendment is proposed, be barred by the statute of limitations.

2. A defendant to a suit for libel, pleading justification, assumes the burden of proof, and is entitled to open and conclude nor is his right forfeited by the fact that he withdrew the plea at the beginning of the trial and did not

renew it until the plaintiff had proved the libel; it is his right to amend at any stage of the trial, and his exercise of one right cannot forfeit another. When he amends the court may put him upon terms, but those terms should be presented at the time he offers to amend, and should not extend beyond the continuance of the case, or the payment of costs, or such similar penalty.

3. Whilst counsel should argue legal points to the court and not to the jury, it is his right to state his legal positions to the jury; this right is indispensable to an intelligent presentation of his case, and argument of the facts and application of the law thereto; and its denial, or serious restriction, would virtually destroy the right of parties to be heard by counsel before the jury, and consequently full and fair trial by jury. It is impossible for counsel to foreknow what view the court will take of the law until the charge is given; he must, therefore, state to the jury what he believes the law to be, and what he thinks the court will sanction, and on the basis that such a principle will be pronounced law and is the law, he may argue the facts and apply them.

4. To sustain a plea of justification of a libel charging perjury, two witnesses, or one witness and corroborating circumstances, are necessary, but such corroborating circumstances need not "be sufficient to amount to another witness or sufficient to support one to that extent." It is enough if the circumstances corroborate the one witness to the satisfaction of the jury. It would puzzle them to calculate the precise length of a chain of circumstances exactly equal to the testimony of another witness.

5. It is the proper practice not to read at all to the jury those requests to charge which the court designs to refuse; the reading aloud and refusal, and manner and emphasis thereof, might have the effect to prejudice the case of the party requesting the charges.

6. Nominal damages mean in law some small amount sufficient to cover and carry the costs, and when requested in writing so to charge the jury, the court should do so, where any view of the facts proven justify a charge upon the subject.

7. When the declaration alleges no special damage and no proof is made thereon, a request in writing to charge the jury that no special damage can be found by them, is legitimate, and should be given.

8. It is unnecessary to prove malice when the libel charges a crime, such as perjury, whether the libel be printed or merely written.

9. Though a libel be indictable and punishable on the criminal side of the court, yet, in the absence of all evidence of an indictment therefor and verdict and fine thereon, the civil damages should not be lessened or mitigated.

10. The court, though requested in writing, need not go into an elaborate explanation to the jury of general propositions in reference to the different species of damages which the jury may give in *torts;* it is enough if the law of the case be given to the jury and so applied to the facts that they may easily understand it. General propositions do not enlighten but tend

to cloud the minds of the jury; a distinct application of controlling principles to the facts of the particular case is what they need.

11. If the plaintiff, six months after the libel had been sent to him, made a premeditated attack upon the defendant, in the night, with a repeater pistol, and fired upon him first, and if defendant acted in self-defense, and after he had received the wounds which injured him, advanced upon plaintiff, who was firing upon him from behind a tree, and reached his pistol around the tree and shot plaintiff, to dislodge him, and even shot him again as he retreated, plaintiff is responsible in law to defendant for the injuries he inflicted; and the defendant, under our statute and the ruling of this court thereon in this case, having filed his plea to set off these personal injuries against the damages of plaintiff for the libel, was entitled to have them allowed and set off by the jury; and the court, his attention having been called thereto, should have charged the jury that if they believed from the evidence the foregoing facts, they should so find. A libel, six months before such a premeditated attack, however severe and excoriating, cannot justify it after passion has had so much time to cool and reason to resume its sway.

Libel. Amendment. *Torts.* Justification. Practice in the Superior Court. Witness. Charge of court. Damages. Set-off. Before Judge WRIGHT. Early Superior Court. October Term, 1875.

Reported in the opinion.

JOHN C. RUTHERFORD, for plaintiff in error.

A. HOOD; H. & I. L. FIELDER; R. H. POWELL, for defendant.

JACKSON, Judge.

This is an action for libel. It was before this court before and the libel and general facts touching it will be found reported at full length in 49 *Georgia Reports*, 491. They need not, therefore, be repeated here. A new trial was then granted and the case was tried again; the jury found a verdict of $3,000 00 for the plaintiff; a motion was made for a new trial, overruled, and exception taken, and the case is before us for review. We shall take up the errors assigned and dispose of such as we deem necessary for the proper adjudication of the case.

Ransone *vs.* Christian.

1. The defendant pleaded as a set-off injuries inflicted on him by the plaintiff from pistol wounds, by authority of section 3261 of the Code, and of the ruling of this court when the case was here before. The plaintiff thereupon moved to amend the declaration by alleging injuries to his person by defendant, in the same transaction. The court permitted the amendment, and defendant excepted. The trespass proposed to be inserted by way of amendment is a new and distinct cause of action, and cannot be allowed: Code, section 3480. Besides, it was clearly barred by the statute of limitations when offered, and for that reason it should have been refused by the court. It may be said that it did not become necessary to put it in until the defendant's plea was allowed, and that being allowed, plaintiff should be permitted to amend now, though his cause of amendment is distinct from his cause of action and barred too. The reply is, that the plea was in time, not barred; and that plaintiff had the right to join this action with the libel when he sued, or to sue on it at any time until he was barred. It was his own fault, if by his *laches* or mistake of law as to defendant's right to plead the set-off, he has lost his right to sue on the *tort* to his person. The reasoning which defeats him, seems to us satisfactory; at all events, the statute is explicit and must be obeyed.

2. The defendant pleaded justification but withdrew his plea. Plaintiff then proved the publication of the libel. Defendant then renewed the plea of justification, assumed the burden of showing the libel to be true, and claimed the right to open and conclude the argument. The court held that he had not the right, but had forfeited it. When the plea of justification is made the defendant assumes the burden of proof, and is entitled to open and conclude: Code, section 3051. He may amend his plea at any stage of the trial: Code, section 3479. By exercising the right to amend, did he loose the right to conclude? It would be strange if the exercise of one legal right forfeited another. It is true that the court might have imposed terms upon him when he amended, but the terms should have been at that time pre-

scribed.    It looks like an *ex post facto* punishment to fix the terms after the thing is done.    Besides, the terms should not, we think, extend beyond continuance of the case, or payment of costs, or some such penalty.    At all events they should be fixed at the time the amendment is proposed and allowed.

3. In the course of his argument, counsel for defendant stated to the jury: "Now, if Christian made the first attack upon Ransone, and Ransone acted in self-defense to repel the attack, then, under the law, Christian was liable for all injuries he inflicted on Ransone, and Ransone would not be liable for any injuries he might have inflicted on Christian;" whereupon the court stopped counsel, and said he was arguing law to the jury, which the court would not allow him to do, and he must argue the law to the court.    This interruption and refusal by the court to permit counsel so to present his case is complained of.    The interference of the court was doubtless based on the third rule of court, which requires questions of law to be argued exclusively to the court.    Properly understood, the rule is a good one, and should be enforced. We take it to mean that in cases where counsel is making a legal argument or battling to establish a legal principle which he wishes the court to charge as the law of the case, he must argue to the court; but we cannot suppose it was intended to prevent counsel from stating legal propositions to the jury. If so, it would destroy all trial by jury by preventing counsel from intelligently discussing their cases before them, and the rule would be utterly void: Constitution, Code, section 5124.    Counsel cannot know what the court will charge; they cannot lay down to the jury the law as he will charge it, unless they be gifted with fore-knowledge; they must, therefore, be allowed to lay down to the jury the law which they think the court will charge, or, in other words, their own view of the law; and in the light of that law argue the facts. To curtail this right within the narrow compass suggested by the ruling of the court below, would be to close the mouth of the counsel, and to overthrow all fair and full trial by jury. No harm can be done by the other course.    All that counsel

Ransone *vs.* Christian.

says is in the hearing of the court; the law he lays down is subject to the correction of the court, and to make a practical speech to the jury he must exercise the right to state his legal points to them. "There is reason in roasting eggs;" and statutes and rules of court must be so construed as not to upset great and fundamental rights.

4. The court charged the jury that where there was but one witness to the proof of the truth of the libel, the corroborating circumstances "must be sufficient to amount to another witness or to support the one witness to that extent." To corroborate means to strengthen, and the Code simply declares "corroborating circumstances may dispense with another witness" in order to convict for perjury: Code, section 3755. We think the circumstances should be such as to convince the jury—such as so to strengthen the one witness as to induce them to believe that he has sworn truly, and that the plaintiff swore falsely, and that the plea is true. If the jury are satisfied with the weight of the corroborating circumstances it is enough. There must be sufficient corroboration to satisfy them, and how much would be exactly equal to the weight of another witness it would be hard for us to prescribe or for them to calculate. Such, we think, too, is authority on this point. Greenleaf says: "But it is not precisely accurate to say that these additional circumstances must be tantamount to another witness. The same effect being given to the oath of the prisoner as though it was the oath of a credible witness, the scale of evidence is exactly balanced, and the equilibrium must be destroyed by material and independent circumstances before the party can be convicted. The additional evidence need not be such as, standing by itself, would justify a conviction in a case where the testimony of a single witness would suffice for that purpose:" 1 Greenleaf, 257. We think, therefore, the court erred on this point.

5. It is complained that the court read many of defendant's requests to the jury and declined to give them. We think the proper practice would be not to read them at all to the jury unless the court meant to give them as written, or in a

Ransone *vs.* Christian.

modified form.    If he means to refuse them, it is not neces-
sary to read them; it can do no good; it might harm the
party making the request.    The jury, ignorant of law, might
conclude that the court, emphatically declining to give a re-
quest asked by one party meant that the party had mistaken
the law of his case, and could not recover.    It is better and
safer not to read them aloud to the jury.

6. The court was requested to charge what was the mean-
ing of nominal damages in law, that it was only slight dam-
ages, enough to carry costs.    The court, though charging upon
the subject, declined to give this.    We think he should have
so charged.

7. The court also erred, we think, in declining to charge
that the jury could not give special damages on the count for
libel, that count having alleged none and none being proven.

8. We think the court was right in declining to charge
that as this libel was written and not printed, malice must be
proved.    The libel charged a crime, and malice is implied:
2 Greenleaf, 418.

9. We think he was right, too, in declining to charge that
because a libel was punishable criminally, the plaintiff was
not entitled to full damages in his civil suit.    There was no
evidence that he had ever been indicted, found guilty and
punished for the offense, and the fact that he might possibly
be, is too remote to be considered in mitigation of damages.

10.  There were a number of requests made explanatory of
the different elements that make up damages, and the various
kinds of damages and other similar generalities, which we
think the court properly refused; but in refusing them, it ap-
pears that he read from section 3065 to section 3074 of the
Code, inclusive, which did not probably much enlighten the
jury on the law of this case.    To give generalities, abstract
propositions of law, to the jury in charge, would be error; to
refuse to give them, and yet read nine sections of the Code
without explanation, seems to us equally erroneous.    What
the jury need is a clear explanation of the law of the case at

bar, and its plain application to the facts. If they believe such and such facts to exist, then such is the law.

11. In this case, on the plea of set-off here filed, we think that the court, having been requested to charge that if plaintiff began the fight and made the first attack upon defendant, then he was liable for the injuries to defendant's person, ought to have charged that if plaintiff, six months after this alleged libel had been sent to him, made a premeditated attack upon defendant at night with a repeater pistol, and fired first upon him, and if defendant acted in self-defense, though using a similar deadly weapon, and after he had received the wounds which injured him, advanced upon plaintiff, who was firing upon him from behind a tree, and reached his pistol around the tree and shot plaintiff to dislodge him, and even shot him again as he retreated, then plaintiff is responsible in law to defendant for the injuries inflicted, and that the jury should set them off against any damages they might assess on the suit for libel; and that if this attack was made six months after the libelous letter was sent to plaintiff, such letter, however libelous and false and abusive, could not justify such an attack at such length of time. Passion should have cooled and reason resumed its sway to such an extent at least as to prevent all efforts at homicide. In respect to the question of how far the plea of justification has been sustained, we say nothing, because another jury will pass upon it; nor will we undertake to measure the damages for the libel, if the plea of justification be not sustained, on the one hand, nor the injuries to defendant's person by the plaintiff's night attack, on the other. We think that defendant has not had the law of his case properly laid before the jury, in the view we entertain of it, and therefore we grant a new trial.

Judgment reversed.