## SELLERS *et al.* *v.* MANN.

1. The Supreme Court has jurisdiction of writs of error from the city court of Baxley. LITTLE, J., dissenting.
2. A finding by a jury expressed in the words : " We, the jury, find for the plaintiff nominal damages," without naming any amount, is not a lawful verdict.

Submitted May 8, — Decided May 27, 1901.

Action for damages. Before Judge Parker. City court of Baxley. November 16, 1900.

*Bennett & Bennett* and *C. H. Parker*, for plaintiffs.
*J. H. Thomas* and *G. J. Holton & Son*, for defendant.

LEWIS, J. 1. On the call of this case a motion was made to dismiss the writ of error, on the ground that this court has no jurisdiction over writs of error from the city court of Baxley, it having, according to the last United States census, a population of less than six hundred. This motion presents the precise question dealt with by this court in the case of *Heard* v. *State*, 113 *Ga.* 444. According to the ruling there made, this court has jurisdiction of the present writ; and the motion of the defendant in error must, therefore, be overruled.

2. The plaintiffs below brought an action against the defendant for damages for an alleged breach of contract. After the introduction of evidence and the charge of the court, the jury returned a finding in the following words: " We, the jury, find for the plaintiff nominal damages." The plaintiffs moved for a new trial on numerous grounds, of which it is now necessary to consider only one, wherein complaint is made that the verdict was illegal for the reason that, while it purports to find for the plaintiff "nominal damages," no amount is named. We think that this position is correct and should have been sustained by the court below. " A substantial requisite of a verdict is the element of certainty, not absolute certainty, but, as it has been described, certainty to a common or reasonable intent." 28 Am. & Eng. Enc. L. (1st ed.) 294. The term "nominal damages," like "exemplary damages," is purely relative, and carries with it no suggestion of certainty as to amount. This is shown by the definition given the expression in the recognized authorities. In 2 Bouvier's L. Dict. 504, it is de-

fined as "a trifling sum awarded where a breach of duty or an in-
fraction of the plaintiff's right is shown, but no serious loss is proved
to have been sustained." Nominal damages have also been de-
scribed as a "trivial sum awarded where a mere breach of duty
or infraction of right is shown, with no serious loss sustained." An-
derson's L. Dict. 307.   It is apparent that this "trivial sum" might,
according to the circumstances of each particular case, vary almost
indefinitely.   In some cases a very small amount might constitute
the trivial sum contemplated by the term "nominal damages;" in
others a much larger amount might measure down to the same
standard of triviality.   It would depend largely upon the vastness
of the amount involved what sum would be considered trivial.   In
the case of *Jackson* v. *Jackson*, 40 *Ga.* 150, is to be found the fol-
lowing headnote: "When there were three credits on the note sued
on, one of which was uncertain and doubtful as to the amount and
date thereof, and the jury found a verdict for the plaintiff for prin-
cipal, interest, and costs: *Held,* that the verdict was not sufficiently
certain, according to the facts in this case, to authorize a judg-
ment to be entered thereon for any definite sum." Taking that
case as a precedent, we are bound to hold that the finding of the
jury in the case at bar was void for uncertainty; for it is very
plain that no judgment could properly be rendered for any definite
sum upon a verdict for "nominal damages" which states no
amount at which the damages are to be fixed.   We must, therefore,
reverse the judgment overruling the motion for a new trial, for the
reasons herein set forth.

*Judgment reversed.   All the Justices concurring, except*

LITTLE, J., dissenting.   For the reasons set forth in the opinion
which I filed in the case of *Wight* v. *Wolff*, 112 *Ga.* 169, and in
my dissenting opinion in the case of *Heard* v. *State*, ante, 444, I
can not concur in the correctness of the proposition laid down in
the first of the foregoing headnotes.