### 2119, 2120.   WESTERN UNION TELEGRAPH CO. *v.* GLENN, and *vice versa.*

1. "The term 'nominal damages,' like 'exemplary damages,' is purely relative, and carries with it no suggestion of certainty as to amount," while it generally refers to a trivial sum awarded. Where a mere breach of duty or infraction of right is shown, with no serious loss sustained, it is apparent that this trivial sum might, according to the circumstances of each particular case, vary almost indefinitely. "In some cases a very small amount might constitute the trivial sum contemplated by the term 'nominal damages;' in others a much larger amount might measure down to the same standard of triviality. It would depend largely upon the vastness of the amount involved what sum would be considered trivial." A recovery may be classified as coming under the definition of nominal damages where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent.

2. In an action brought to recover $3,000 damages from a telegraph company for failure to transmit a message, where the undisputed evidence shows a gross violation of the company's duty to transmit the message, a verdict for $250, approved by the trial judge, will not, in the absence of anything to justify a suspicion of prejudice or bias, be set aside by this court as excessive, even though the finding was treated in the lower court as one of nominal damages only.

DECIDED SEPTEMBER 6, 1910.

Action for damages; from city court of Macon—Judge Hodges. July 23, 1909.

*DuPont Guerry, Joseph H. Hall, Warren Roberts,* for plaintiff in error.   *W. D. & Custis Nottingham, W. A. McClellan,* contra.

RUSSELL, J. This case has previously been before this court, and is reported in 1 *Ga. App.* 821.   At that time the judgment of

the lower court, sustaining a general demurrer to the plaintiff's petition, was reversed, and the case remanded for trial. Upon the trial the jury returned a verdict in favor of the plaintiff for $250. The defendant's motion for a new trial was overruled, and it excepts to that judgment. The plaintiff in the court below offered certain amendments, which the court refused to allow, and certain testimony which was repelled; and, by a cross-bill of exceptions, she complains of these rulings. It is not necessary for us to rule upon the cross-bill of exceptions, but we will say, in passing, that we thought the amendment should have been allowed and some of the excluded testimony should have been admitted.

The controlling question is raised by the main bill of exceptions. There are various grounds in the motion for a new trial, but the only real point raised is that the verdict for $250 in favor of the plaintiff can not be sustained, because the court restricted the plaintiff to the recovery of nominal damages only, and because $250 is too excessive an amount to be included within the term "nominal damages." We held in the case of *Batson* v. *Higginbothem, 7 Ga. App.* 835 (68 S. E. 455), that $380 was too large an amount to be denominated as "nominal damages;" but the circumstances of that case were materially different from those in the case at bar. In *Milledgeville Water Co.* v. *Fowler, 129 Ga.* 111 (58 S. E. 643), a verdict in favor of the plaintiff for $150 was set aside; but, as pointed out by Justice Beck in that case, there is a wide difference between the mere breach of a contract, and a tort in the commission of which a public duty or a private obligation arising from the duty is violated. We are aware that the general definition of nominal damages, as given by Bouvier, Angell, and Black, is that it is such a trivial sum as is awarded where a breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved. It is defined in our own code, however, as such a sum as "will carry the costs." Civil Code, § 3801. Thus a minimum is fixed, but no maximum. We think the proper rule for determining what is a recovery of nominal damages, when application is made to the court to set aside a verdict on the ground that the amount is too excessive to be called nominal damages, is to be found in the case of *Sellers* v. *Mann, 113 Ga.* 643 (39 S. E. 11), where Justice Lewis says: "The term 'nominal damages,' like 'exemplary damages,' is purely relative, and carries with it no

suggestion of certainty as to amount.    This is shown by the defi-
nition given the expression in the recognized authorities.    In 2
Bouvier's L. Dict. 504, it is defined as 'a trifling sum awarded
where a breach of duty or an infraction of the plaintiff's right is
shown, but no serious loss is proved to have been sustained.'
Nominal damages have also been described as a 'trivial sum awarded
where a mere breach of duty or infraction of right is shown, with
no serious loss sustained.'    Anderson's L. Dict. 307.    It is ap-
parent that this 'trivial sum' might, according to the circumstances
of each particular case, vary almost indefinitely.    In some cases a
very small amount might constitute the trivial sum contemplated
by the term 'nominal damages;' in others a much larger amount
might measure down to the same standard of triviality.    It would
depend largely upon the vastness of the amount involved what sum
would be considered trivial."

It must also be remembered that the verdicts of juries are not
to be interfered with in any case, unless there is something to
*justify* the suspicion of prejudice or bias as affecting the verdict
rendered.    And, while nominal damages are not strictly compen-
satory, they are always included in general damages; and it is
recognized that there is a class of cases in which the damages can
not be adequately and definitely estimated, and yet, for the infrac-
tion of the plaintiff's right or the violation of a duty by the defend-
ant, there is *a right of recovery,* on the principle that wherever
there is a right there is a remedy.    This principle is recognized
by the text-writers; and in support of the proposition the case of
*City of Greensboro* v. *McGibbony,* 93 *Ga.* 672 (20 S. E. 37), is
cited.    In that case the court held that the plaintiff was entitled
to recover nominal damages, in the absence of any proof as to the
value of the lost time for which he sued, and even though such
time was worth nothing.    We have taken the pains to examine the
original record in that case, and we find that the amount referred
to by the court as "nominal damages" was exactly the same as that
awarded by the jury in this case, to wit, $250.

*Judgment affirmed.*

POWELL, J., dissenting.    I can not get my mind to the point of
agreeing that in a case like the one before us a recovery of $250
can be held to be nominal in amount.