4193. ATKINSON, receiver, *v.* MERCER.

HILL, C. J. 1. While generally a railroad company's employees in charge of a passenger-train are not required to physically assist passengers to alight therefrom, yet in a particular case there may be circumstances which impose such a duty. And where a passenger is an old woman, encumbered with the care of four children, nine, seven, five, and three

years of age respectively, and one of them is sick, and the passenger thus encumbered requests the assistance of the conductor in changing cars, it is a question for a jury to determine whether a failure to render such assistance under these circumstances amounts to actionable negligence. *Georgia Railroad Co.* v. *Rives,* 137 *Ga.* 376 (73 S. E. 645), and citations.

2. An aged woman passenger in charge of four small children, one of whom was sick, was compelled to change cars in order to reach her destination. When the conductor examined her ticket she informed him of her burdens and requested him to assist her in making the change of cars at the proper station. This he promised to do. When this station was reached neither the conductor nor any other employee of the railroad company rendered her any assistance in changing cars as she had requested. When she disembarked from the car in which she had been traveling, she asked the conductor, who was standing near, to indicate to her the proper car for her to take, and the conductor, in compliance with her request, directed her to a car, lighted and filled with passengers, which she, without assistance, boarded with her four children. When she had traveled some distance on this car, the same conductor who had previously examined her ticket and had been informed of her situation and destination again appeared for the purpose of taking up her ticket, and informed her that she had gotten aboard another car of the same train from which she had disembarked. The conductor then stated to her that he would put her off at the next station and would furnish her transportation back to the point of change for her destination. The conductor did put her off at the next station, but did not furnish her any transportation. She was refused transportation and was compelled to purchase tickets back to the point where it was necessary for her to change cars to reach her destination. There was no train of cars returning to the point of change until late in the evening, and she was compelled to remain all day and until eleven o'clock at night at the depot where she had been put off by the conductor, encumbered with the children, and without any assistance, and thereby suffered great inconvenience, physical discomfort, and mental anguish. On proof of the foregoing facts she recovered a verdict for $150. *Held:* (a) The verdict was fully authorized; and even if regarded as nominal damages, it was not excessive. (b) The measure of damages which she was entitled to recover was not limited to the amount that she had paid for her return ticket from the point where she was put off the train by the conductor back to the point where she was compelled to change cars to reach her destination. She was entitled to recover compensatory damages for the mental suffering and physical discomfort to which she was subjected by the failure of the conductor or other employee of the railroad company to exercise that degree of extraordinary diligence which is the legal standard imposed by the law of this State upon carriers of passengers. Hopkins on Personal Injuries (2d ed.), § 661 et seq.; *G. S. & F. Ry. Co.* v. *Ransom,* 5 *Ga. App.* 740 (63 S. E. 525). *Judgment affirmed.*

Action for damages; from city court of Fitzgerald—Judge Wall. March 3, 1912.

*Elkins & Wall, Bolling Whitfield,* for plaintiff· in error.
*F. G. Boatright,* contra.