## 5216.   ATLANTIC COAST LINE RAILROAD COMPANY
### v. STEPHENS.

1. The code does not define "nominal damages," or say what shall be recoverable as such, otherwise than that they shall be sufficient to carry the costs; and where, by reason of a violation of one's right without actual damage, he is entitled to damages which ex vi termini are nominal, though the amount must be small, it is for the jury to determine whether the amount awarded is small, taking into consideration all of the facts and circumstances in the case; and when the amount found by them (which in their judgment is small, relatively to the issue) is approved by the trial judge, his discretion in the granting or refusal of a new trial will not be interfered with, unless it is manifestly abused.

2. Under the facts of this case a finding in favor of the plaintiff of $150 as "nominal damages" is not unlawful; and in the absence of any suggestion of bias or prejudice, the judge did not err in refusing a new trial.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Tifton—Judge R. Eve. September 2, 1913.

*R. D. Smith, Bennet & Brnach, Russell Snow,* for plaintiff in error.

*F. G. Boatright,* contra.

RUSSELL, C. J.   When this case was here before (11 *Ga. App.* 520, 75 S. E. 841), a finding of $400 in favor of the plaintiff was set aside, and it was adjudged that the plaintiff was only entitled to recover the price of the ticket which the breach of the contract rendered necessary to be purchased, with such amount, as nominal damages, as would establish the plaintiff's right, if the jury found that there had been a breach of the contract.  In other words, it was held that if the jury found that there was a contract, and the contract was breached, the plaintiff was entitled to recover the price of the ticket purchased by him, to enable him to travel the route of his choice, together with nominal· damages.  Upon the trial now under review the jury returned a verdict in favor of the plaintiff for $153.80, and the evidence shows that the sum expended for the ticket was $3.80.  The trial judge approved the verdict and refused the defendant's motion for a new trial.  So the only real question now in the record is whether the sum of $150 must be adjudged, as a matter of law, to be an amount so large as that it can not be included within the term "nominal damages" as defined by our law.

At first blush an award of so large an amount as $150, merely

as "nominal damages," might raise the suspicion that the jury were perhaps influenced by prejudice or bias; but this thought merely introduces an element of fact; for, while the operation of prejudice or bias will, as a matter of law, vitiate a verdict, the question as to whether a particular finding was influenced or produced by prejudice or bias is purely a question of fact; and it is to be presumed that if the judge who presided at the trial, and who overruled the motion for a new trial, had discovered any evidence of prejudice or bias in any incident of the trial, or even in the manner and demeanor of the witnesses who testified, he would have set aside the verdict, with but little reluctance. Though a verdict for nominal damages may be apparently large in its amount, it can not be set aside as being the result of prejudice or bias, or of a mistake on the part of the jury, solely because the amount is large. The Supreme Court, in *Sellers* v. *Mann,* 113 *Ga.* 643 (39 S. E. 11),—the only Georgia case, so far as we have been able to discover, in which the term "nominal damages" is, after mature consideration, analytically defined,—holds that the phrase "trivial sum," as used in the previous decisions, may vary almost indefinitely, according to the circumstances in each particular case, and that "the term 'nominal damages,' like 'exemplary damages,' is purely relative and carries with it no suggestion of certainty as to amount." The judgment refusing a new trial in the present case could very well be affirmed under the ruling of this court in *Glenn* v. *Western Union Tel. Co.,* 8 *Ga. App.* 169 (68 S. E. 881), in which a verdict of $250 as nominal damages was sustained, or under the decision in *Atkinson* v. *Mercer,* 11 *Ga. App.* 462 (75 S. E. 676), in which a verdict of $150, nominal damages, was held not to be excessive. It is true that in the *Glenn* case, supra, Judge Powell dissented, but in *Atkinson* v. *Mercer* the decision was by a unanimous court. In the latter case the point that the award was too large to be treated as "nominal damages" was expressly raised, and the verdict was for the identical amount that is now before us. However, in view of the insistence of learned counsel for the plaintiff in error that an award of damages can not properly be said to be nominal when the amount is greater than is required to carry the costs, and the inferential position of counsel that the rulings of this court in *Glenn* v. *Western Union Tel. Co.* and *Atkinson* v. *Mercer,* supra, are not sound, we have not been content to

rest our decision solely upon these rulings, and are prepared to overrule what was said in each of them if any possible degree of more laborious investigation should develop that these decisions are at variance with the code, or in anywise in conflict with the decisions of the Supreme Court.

The code does not purport to define the term "nominal damages," nor does it limit the amount which may be awarded, except in so far as it prescribes that the amount awarded shall not be *too small* to carry the costs. By section 5984 of the Civil Code it is provided that "in actions of assault and battery, and in all other personal actions wherein the jury upon a trial thereof shall find the damages thereof to be less than ten dollars, the plaintiff shall recover no more costs than damages, unless the judge, at the trial thereof, shall find and certify on the record that an aggravated assault and battery was proved." This provision marks the distinction between the meaning which is to be applied to the phrase "nominal damages" in this State and the rule that obtains in other jurisdictions, where any amount, no matter how infinitesimal, if returned as nominal damages, suffices to carry the costs; and it is only in such jurisdictions that the following definition of "nominal damages" is applicable, to wit: "In amount, nominal damages are usually a cent, a penny, or a sixpence,—any trivial amount, not intended as compensation, but only, as stated, in formal or conventional recognition of the right and its technical violation." Watson on Damages for Personal Injuries, § 10, p. 10. Section 4397 of the Civil Code provides as follows: "In every breach of contract, the other party has a right to damages; but if there be no actual damage, the plaintiff can recover nominal damages which will carry the costs." In an action brought in the superior court, or in a city court where the rules of the superior court are of force, the provision as to costs in this code section compels a finding of at least ten dollars in favor of a plaintiff who is entitled to nominal damages. But can it be said that because the legislature has said that in such a case the plaintiff shall not recover less than ten dollars, a power has been lodged in the court arbitrarily to confine a finding in favor of the plaintiff to that amount as a maximum? It can not be seriously contended that this is true, for in *Hughes* v. *Western Railroad*, 61 *Ga.* 132, the Supreme Court affirmed a judgment for $50 as nominal damages. It is true that

in the opinion in that case the plaintiff's recovery was not denominated as "nominal damages," but, from the language used in the decision, it is plain that it was the opinion of the Supreme Court that the verdict could be sustained only by treating it solely as an award of nominal damages; the court holding that, under the facts, the plaintiff had sustained no actual damage. In *Glenn* v. *Western Union Tel. Co.,* supra, we pointed out that a verdict in favor of the plaintiff in *City of Greensboro* v. *McGibbony,* 93 *Ga.* 672 (20 S. E. 37), was sustained, although the court held that the plaintiff was entitled to recover only nominal damages; and we referred to the fact that, although the amount of the recovery is not set out in the opinion, an examination of the original record disclosed that the nominal damages awarded the plaintiff amounted to $250. It is a curious coincidence that in that case counsel for the plaintiff in error (the City of Greensboro), was Hon. H. T. Lewis, who later, as Associate Justice of the Supreme Court, delivered the opinion in *Sellers* v. *Mann,* 113 *Ga.* 643 (39 S. E. 11). It is true that in the *Sellers* case Judge Little dissented from the ruling of the court upon the question of jurisdiction, but the decision that the amount to be fixed as nominal damages is not a matter of law, but a question of fact addressed to the jury, was unanimous. Certainly in the *Sellers* case the question as to whether courts possess the inherent power of their own motion to fix the amount a plaintiff should recover as nominal damages was squarely presented, and that power unequivocally denied. In that case the jury had returned a verdict in favor of the plaintiff, finding nominal damages eo nomine, but without naming any amount. It is a cardinal rule, in the construction of verdicts, that every reasonable presumption sustaining their validity shall be indulged, and that a verdict shall not be held void, if there is enough in the record to enable the exact finding of the jury to be ascertained and effectuated by the application of the maxim "id certum est quod certum reddi potest." If the recovery of nominal damages may be limited by the court, the trial judge could have ordered that the verdict be corrected by inserting the sum "$10" before it was delivered by the jury; or the Supreme Court could have affirmed the judgment, with direction that the verdict and judgment be amended to that effect. Instead of this, however, the Supreme Court held that the term "nominal damages" is purely rela-

tive and carries with it no suggestion of certainty as to amount, and that the phrase "trivial sum," as used in the text-book definitions which are quoted, may, in Georgia, refer to sums which "might, according to the circumstances of each particular case, vary almost indefinitely." Proceeding further, the distinguished jurist who was speaking for the court, bearing in mind, perhaps, the lesson he learned when his contention as counsel for the plaintiff in error in the *City of Greensboro* v. *McGibbony,* supra, to the effect that $250 was too large an amount to be justly called "nominal damages," was overruled, said that "In some cases a very small amount might constitute the 'trivial sum' contemplated by the term 'nominal damages,' in others a *much larger amount might measure down to the same standard of triviality."*

It being thus settled that the jury must fix the amount, and that in this determination they may consider the peculiar circumstances of each particular case, with the view of ascertaining what is the proper amount to be awarded, it seems clear to us that in Georgia the jury's exercise of their prerogative of fixing the amount in a case where nominal damages are recoverable can not be interfered with by the court, except in extreme cases, whatever may be the rule in other jurisdictions. It is true, as contended by learned counsel for the plaintiff in error, that (except for the sum expended by him for a ticket) the plaintiff was restricted to the recovery of nominal damages in an amount not less than the costs, which, an inspection of the record shows, exceeded ten dollars. When the case was here before we held that the plaintiff was entitled to recover such amount as it would be necessary for him to expend in carrying out his wishes as to the route he desired to take, in addition to such sum (sufficient to carry the costs) as the jury might award as nominal damages in establishing and declaring his right to maintain his action, for tort due to the defendant's breach of its duty in not selling him a ticket over the route he had selected. And, of course, this ruling became the law of this case. But none of the decisions cited by counsel for the plaintiff in error support the distinct contention that the trial judge erred in refusing, upon a review of the case, to hold, as a matter of law, that a verdict for $150 as nominal damages was so excessive that it should be set aside. It is true that in *Southern Railway Co.* v. *Bryant,* 105 Ga.

12

316 (31 S. E. 182), the verdicts were set aside, and the court expressed its amazement that the jury could have returned a verdict in the one instance for .$300 and in the other for $250, when there was no proof of actual damage; but the reversal of the judgment of the lower court rests upon an entirely different and universally recognized principle. It is plain that the judgment refusing a new trial was reversed, and should have been reversed, regardless of the amount of the verdicts, upon the error of the court in charging upon vindictive or punitive damages; and, to say no more, under the ruling in *Haber-Blum-Bloch Hat Co.* v. *Southern Bell Tel. Co.,* 118 *Ga.* 874 (45 S. E. 696), and numerous other authorities, if the plaintiffs claimed punitive damages, they were not entitled to nominal damages. See also, upon this point, *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (69 S. E. 480).

The ·fact that the Supreme Court in *Ransone* v. *Christian,* 56 *Ga.* 351, defined the term "nominal damages" to be "some small amount sufficient to cover and carry the costs" does not, in our opinion, affect the application of the rule laid down in *Sellers* v. *Mann,* supra, by which the jury are primarily to determine when the amount is sufficiently small. In other words, in the ruling in the *Ransone* case (where the point was a minor one, depending only upon the fact that the court refused altogether to define the term ·"nominal damages"), it was held that the amount should be small, and in the *Sellers* case (as size, like everything else, is relative) the jury were distinctly authorized to determine in each particular case, upon a consideration of its circumstances, what sum would be a small sum in comparison with what the plaintiff would have been entitled to recover for the alleged breach if there had been actual damage. In *Foote & Davies Co.* v. *Malony,* 115 *Ga.* 985 (42 S. E. 413), the only point as to nominal damages was whether a defendant should be allowed mere nominal damages as a credit upon his indebtedness .to the plaintiff; and it was held that the code provisions allowing the recovery of nominal damages applied only to plaintiffs, and had no application to defendants. In *Central Ry. Co.* v. *Wood,* 118 *Ga.* 173 (44 S. E. 1001), a verdict for nominal damages of $249.50 was set aside; and the facts of that case are somewhat similar to those of the case at bar; but the decision was not by a full bench, only five Justices participating, and the judgment was rendered with an expression of "great hes-

itancy" and some uncertainty as to whether the discretion of the trial judge in approving the verdict should be overruled. The opinion in the *Sellers* case, supra, is the unanimous decision of a full bench. We are, of course, as much bound by the decision in *Central Ry. Co.* v. *Wood,* supra, as if it had been delivered by a full bench; but, in the opinion in that case, "the extreme difficulty of fixing a limit in cases of this character beyond which the jury may not go without doing violence to the principles of justice" is recognized; and for this reason (to say nothing of the fact that the ruling in *City of Greensboro* v. *McGibbony* is an older decision), we are clear that in the present case, where the verdict involved is for $150 as nominal damages, and not, as in *Central Ry. Co.* v. *Wood,* for $250, we would not be as fully authorized to attempt to fix a limit as if the amount were in excess of $250, as it was in the previous trial of this case.　　　　*Judgment affirmed.*