### 31715. PONCE DE LEON CONDOMINIUMS et al. v. DIGIROLAMO et al.

NICHOLS, Chief Justice.

Dr. Mario DiGirolamo brought suit against appellants Ponce de Leon Condominiums and the Baier Corporation alleging that he was the owner of certain residential property which was receiving unnaturally large quantities of surface water from adjacent property being developed by appellants. DiGirolamo sought actual and exemplary damages, injunctive relief and attorney fees for the alleged trespass and nuisance. Appellants in turn filed a third-party complaint against its architect's engineering consultant, D'Angelo & Lancaster Associates, Inc., alleging that they had relied upon the latter's recommendations and plans to insure that no such water discharge problems arose out of the development and that any damage to DiGirolamo was accordingly the fault of the third-party defendant. DiGirolamo recovered a jury verdict against appellants for $1,000 nominal damages, $9,000 exemplary damages, and $5,800 attorney fees. A directed verdict was entered in favor of the third-party defendant.

The record contains evidence that DiGirolamo had experienced no significant accumulation of surface waters on his property prior to the initiation of the appellants' condominium development project. Immediately following the initiation of the construction, appellee notified appellants of his concern about the water problem which, it appeared to him, would inevitably result from the grading and paving of the development property and the routing of a drainage system onto his land. He was assured by appellant that the development had been engineered in such a way as to prevent additional surface waters from being diverted to his property in excess of that which had occurred naturally. Over the following two years, however, a worsening run-off problem did in fact develop resulting in

the pooling of water and silt on appellee's property. Appellee, first on his own and then through his attorneys, repeatedly brought the problem to the attention of the appellants and endeavored to get them to do something to remedy it. Although appellants did make some improvements in an effort to slow down and disperse the flow of water from their land, the source of the problem, which was the routing of the drainage system onto appellee's property, was never altered.

1. Appellants enumerate as error the entering of judgment against them for punitive damages. "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Railway Company v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903); *Investment Securities Corp. v. Cole,* 186 Ga. 809 (199 SE 126) (1938); *Standard Oil Co. v. Mt. Bethel Church,* 230 Ga. 341, 343 (196 SE2d 869) (1973); *Gilman Paper Co. v. James,* 235 Ga. 348 (219 SE2d 447) (1975). "The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." *Gilman Paper Co. v. James,* supra, at p. 351.

The record supports the verdict for punitive or exemplary damages. Appellee complained to appellants at the inception of the project that the development would result in an increased discharge of surface waters onto his land and attempted to pursuade them to design a sewer system which would route these waters in a different direction. Appellants responded that such a system would cost approximately $15,000 and would be unnecessary since their architects had assured them that no water run-off problem would result. When the problem did in fact result, appellants made some effort to alleviate it by installing sedimentation ponds, but at no time did they make any effort to lessen the quantity of water being discharged into appellee's property. The jury was authorized to find that appellants had acted with "conscious indifference" to consequences, if not in creating, then in failing to correct a drainage system

which was causing damage to appellee.

2. Appellants also enumerate as error the award of attorney fees to the appellee. "Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone, are regulated by Code § 20-1404, and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose." *Williams v. Harris,* 207 Ga. 576 (3) (63 SE2d 386) (1951); *B-X Corp. v. Jeter,* 210 Ga. 250, 255 (78 SE2d 790) (1953); *Bowman v. Poole,* 212 Ga. 261 (3) (91 SE2d 770) (1956); *Standard Oil Co. v. Mt. Bethel Church,* 230 Ga. 341, 343, supra. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *DeKalb County v. McFarland,* 231 Ga. 649, 651 (203 SE2d 495) (1974). See *City of Dublin v. Hobbs,* 218 Ga. 108, 110 (126 SE2d 655) (1962). The same testimony as to the appellee's early, persistent, and unheeded complaints which authorizes the verdict for punitive damages in this case also provides authorization for the jury's finding that the appellants acted in bad faith in failing to correct the run-off problem.

3. Appellants enumerate as error the award of $1,000 nominal damages as being excessive. Actual damages are evidenced in this case by a showing that the appellee was deprived of the full use and enjoyment of his property by the increased flow and pooling of surface waters thereon. "A recovery may be classified as coming under the definition of nominal damages where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent." *Western Union Telegraph Co. v. Glenn,* 8 Ga. App. 168 (1) (68 SE 881) (1910). In such a case the jury's prerogative of fixing the amount of recovery of damages termed nominal will not be disturbed on appeal, except in extreme cases. *Atlantic C. L. R. Co. v. Stephens,* 14 Ga. App. 173, 174 (80 SE 516) (1914). See *Sellers v. Mann,* 113 Ga. 643 (39 SE 11) (1901). The jury's award of $1,000 nominal damages, viewed in conjunction with the evidence of actual damage, is not excessive.

4. Appellants enumerate as error the award of injunctive relief as being contrary to the evidence. In

support of this contention, it is pointed out that all of the expert testimony introduced at trial was to the effect that the engineering design utilized by appellants could not in theory have resulted in the accumulation or discharge of surface waters onto appellee's property in excess of that which existed under natural conditions prior to the development. The jury, however, was authorized to conclude otherwise from the nonexpert testimony introduced, the photographic evidence of the conditions existing before and after development, and their own site inspection during trial. The record also provides ample evidence upon which the jury could conclude that the problem would continue unless enjoined by the court. See *Bodin v. Gill,* 216 Ga. 467 (3) (117 SE2d 325) (1960).

The contention made in appellants' brief, but not enumerated as error, that the permanent injunction is so broad and indefinite that compliance therewith cannot be measured is without merit. "Where it is contended that an injunction is so vague or indefinite that the party enjoined entertains doubt as to what he might or might not do under the terms of such order the proper procedure is to ask the trial court for modification or construction. *Warner v. Martin,* 124 Ga. 387 (52 SE 446, 4 AC 180); *Patten v. Miller,* 190 Ga. 152 (8 SE2d 786)." *DeRose v. Holcomb,* 226 Ga. 289 (2) (174 SE2d 410) (1970).

5. Appellants enumerate as error certain portions of the judge's charge on the ground that they might have misled the jury into believing that a finding of past and completed damage would authorize a finding in favor of injunctive relief. However, the judge's charge taken as a whole makes it clear that an injunction would be authorized only if the trespass or nuisance were found to be continuing, and the record contains more than adequate evidence to support such a finding by the jury.

6. Appellants enumerate as error the court's direction of a verdict in favor of the third-party defendant. Expert witnesses testified at trial, both on behalf of appellants and the third-party defendant, that the rate of surface water run-off onto appellee's land under the third-party defendant's engineering plan, would be no greater than the natural flow before construction. Ordinarily, liability against an engineer for negligence

must be established by expert opinion. See *Housing Authority &c. of Carrollton v. Ayers,* 221 Ga. 728, 733 (88 SE2d 368) (1955); *Shea v. Phillips,* 213 Ga. 269 (2) (98 SE2d 552) (1957); *Bodin v. Gill,* 216 Ga. 467 (1) (117 SE2d 325) (1960); *Covil v. Robert. & Co. Assoc.,* 112 Ga. App. 163, 167 (114 SE2d 450) (1965); Dresco Mechanical Contractors v. Todd-CEA, 531 F2d 1292, 1295 (5th Cir. 1976). Since no expert opinion tending to establish negligence was presented, the directed verdict was properly granted on this issue.

Appellants also argue, however, that the third-party defendant specifically represented to them that its design would result in a flow of water across appellee's property which would be less than or equal to the flow which had existed prior to construction and that their claim should therefore have been submitted to the jury on the question of whether the third-party defendant had breached a specific contractual undertaking to them. The problem with this theory is that the record is devoid of any evidence of a contractual relationship between the appellant developers and the third-party defendant. The record indicates that the third-party defendant was employed not by appellants but by their architect, who was never a party to this action.

The direction of a verdict for the third-party defendant was authorized as to any contractual claim.

Because no error of law appears, the trial court was authorized to enter judgment on the verdict and to overrule appellants' motions for new trial and for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 23, 1976 — DECIDED JANUARY 6, 1977.

*Bynum & Kell, Joe H. Bynum, Jr.,* for appellants.
*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, J. Kirk Quillian, David A. Handley, James C. Huckaby, Jr., Cook Barwick,* for appellees.