## 58726. MORRIS et al. v. HODGE.

BIRDSONG, Judge.
Appellants, Mr. and Mrs. Morris, brought suit against Hodge and his real estate agency alleging that there had been a breach of warranty involved in the transfer of real property from Hodge to the Morrises. Particularly, the Morrises alleged that the warranty deed did not mention an outstanding recorded security deed to a third party involving the same property; therefore the warranty deed was misleading because a warranty deed implies that there are no encumbrances against the property. Arguments of counsel appearing in the record indicate that at the time of the transfer of the warranty deed, the Morrises were fully aware of the prior security deed encumbrance upon the property. In the second count of their complaint, the Morrises asserted that the transaction was tainted by fraud and that they were entitled to punitive damages. Hodge filed an answer denying the complaint and entered a counterclaim seeking monetary damages for past due payments and a perpetual injunction against the Morrises to prevent them from denying possession to Hodge of the property. The trial court granted directed verdicts against the Morrises for their counts of breach of warranty and fraud in the transfer, and in favor of Hodge on his counterclaim seeking monetary damages for back payments on the security deed from the Morrises to Hodge; and submitted to the jury the question of the perpetual injunction. The

jury found in favor of Hodge on the last issue. Appellants on this appeal enumerate as error the direction of the verdicts against them on their complaint; direction of the verdict in favor of Hodge on count one of his counterclaim seeking monetary damages; and as to the charge of the court wherein it submitted the issue to the jury of the perpetual injunction in a manner not adjusted to the evidence or the pleadings. *Held:*

In their notice of appeal, appellants advised the clerk of the court to omit nothing from the record, but limited the transcript to the evidence and proceedings pertaining to the motions for directed verdict. The certificate of the court reporter reflects that the record forwarded to this court in no way comprises the entire proceedings of the case, but only those portions which were ordered by plaintiff's counsel. The transcript forwarded to this court basically presents only the arguments of counsel for each party in the presence of the court and relates to the motions for directed verdict. Omitted from the transcript are the voir dire, opening statements of counsel, the testimony of all witnesses, closing arguments by counsel and the court's charge (in its entirety) to the jury. Appellants in their brief make it abundantly clear that these omissions are not inadvertent or the mistake of the court reporter.

All three of the enumerations raised by appellants relate either to the testimony of witnesses or the charge of the court. Though appellants, in their brief, make argument in reliance upon the summarization of the trial testimony referred to by counsel in their arguments to the court, in point of fact we are presented with no evidence nor are we presented with any part of the charge of the court. The appellate courts simply cannot, and are not authorized by law, to infer from statements of counsel in their briefs, facts which never managed an introduction into or even a nodding acquaintance with the record. *Airport Assoc. v. Audioptic Instructional Devices*, 125 Ga. App. 325, 326 (187 SE2d 567).

The burden is on the appellant to show error by the record, and when a portion of the evidence—whether it be testimony or documentary or physical in nature—bearing upon the issues raised by the enumerations of error, is not

brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. *Law v. State*, 121 Ga. App. 106, 108 (173 SE2d 98) and cits. See *Terry v. Warner Robins Supply Co.*, 225 Ga. 5, 6 (2) (165 SE2d 731). If there is no evidence in the record to show whether the evidence did or did not warrant directed verdicts or whether the charge of the court was adjusted to that evidence (or in this case, even what the contents of the charge might have been), we assume that the orders and charge of the trial court were correct. *Giles v. Peachtree Pantries*, 209 Ga. 536 (74 SE2d 545).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED DECEMBER 4, 1979 — REHEARING DENIED DECEMBER 19, 1979.

*Jay W. Bouldin*, for appellants.
*Harvey A. Monroe*, for appellee.