## 66263. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA v. WHITE.

SOGNIER, Judge.

First Federal Savings & Loan Association of Atlanta (First Federal) sued Robert White seeking a deficiency judgment under a retail installment sales contract for the purchase of a mobile home. The jury returned a verdict in favor of First Federal in the amount sought. The jury also returned a verdict in favor of White in the amount of $3,000 damages on his counterclaim based upon breach of the peace in the repossession of the mobile home. First Federal appeals.

1. Appellee's motion to dismiss the appeal is denied. See OCGA § 5-6-48 (b) (Code Ann. § 6-809).

2. Appellant contends that the trial court erred in denying its motions for a directed verdict and for judgment notwithstanding the verdict as to appellee's counterclaim. The partial transcript forwarded to this court consists only of two excerpts from the proceedings below — the trial court's charge to the jury on nominal damages and the argument of appellant's counsel and the trial court's ruling on appellant's motion for a directed verdict.

"The burden is on the appellant to show error by the record, and when a portion of the evidence — whether it be testimony or documentary or physical in nature — bearing upon the issues raised by the enumerations of error, is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. [Cits.]" *Morris v. Hodge,* 152 Ga. App. 815, 816-817 (264 SE2d 482) (1979). Because there is no evidence in the record to show whether a directed verdict or judgment notwithstanding the verdict was warranted (see OCGA § 9-11-50 (a)-(b) (Code Ann. § 81A-150)), we must assume that the trial court was correct in its denial of appellant's motions and affirm. *Morris,* supra. See also *American Vigorelli, Inc. v. Smith, Phillips & DiPietro,* 157 Ga. App. 52 (276 SE2d 158) (1981); *Castile v. Rich's, Inc.,* 131 Ga. App. 586, 587 (206 SE2d 851) (1974).

3. Appellant also contends that the trial court erred in overruling its motion for a new trial made on the ground that the $3,000 verdict returned on the counterclaim was contrary to the trial court's charge to the jury, and was excessive as nominal damages. The trial court instructed the jury as to the counterclaim that appellee had presented no evidence of special damage and the jury was therefore restricted to a consideration of nominal damages only.

Nominal damages are generally defined as a "trivial sum . . . awarded where a breach of duty or an infraction of the plaintiff's right

is shown, but no serious loss is proved." *Western Union Telegraph Co. v. Glenn,* 8 Ga. App. 168, 169 (68 SE 881) (1910). See *Sellers v. Mann,* 113 Ga. 643, 644 (39 SE 11) (1901); *Ransone v. Christian,* 56 Ga. 351, 353 (6) (1876). However, in Georgia, the term "nominal damages" is "purely relative, and carries with it no suggestion of certainty as to amount. . . ." *Sellers,* supra at 643 (2). Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, "vary almost indefinitely." Id. at 644. Thus, "[a] recovery may be classified as coming under the definition of nominal damages where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent." *Glenn,* supra at 168 (1). This premise was followed in *Ponce de Leon &c. v. DiGirolamo,* 238 Ga. 188, 190 (3) (232 SE2d 62) (1977) and *Duckworth v. Collier,* 164 Ga. App. 139, 140 (3) (296 SE2d 640) (1982), to hold that awards of nominal damages in the amounts of $1,000 and $1,500, respectively, were not excessive when "viewed in conjunction with the evidence of actual damage . . . ." *DiGirolamo,* supra at 190.

Appellant apparently contends that a more complete transcript than that provided is not necessary to our determination of whether the award of nominal damages in the instant case was excessive. However, in view of the holdings in *DiGirolamo,* supra, and *Duckworth,* supra, we hold otherwise. Since we have no transcript of the evidence bearing on the issue of nominal damages, we must assume that the court's overruling of the motion for new trial was correct and affirm. *Morris,* supra. See also *Chambliss v. Roberson,* 164 Ga. App. 579, 581 (2) (298 SE2d 550) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1983.

*Albert B. Wallace,* for appellant.
*Robert P. White,* for appellee.