**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 27, 2012**

# In the Court of Appeals of Georgia

A12A1268. FOWLER'S HOLDINGS, LLLP v. CLP FAMILY
INVESTMENTS, L.P. et al.

ANDREWS, Judge.

CLP Family Investments, L.P., and the estate of Claude L. Pennington, Sr. ("CLP"), sued Fowler's Holdings, LLLP ("Fowler's"), for specific performance and damages arising from the parties' easement agreements on the parking lot of a Macon shopping center where each owned a building. CLP's original complaint alleged that Fowler's had failed to maintain the parking lot and had violated its promise not to create additional points of entry to the lot; its amended complaints added claims for rescission, nominal damages, and attorney fees. After a bench trial, the court awarded CLP $120,000 in nominal damages and $55,000 in attorney fees. On appeal, Fowler's argues that the award of nominal damages was erroneous as a matter of law and that

the fee award was not supported by the evidence. We agree with the first of these contentions and therefore affirm in part and reverse in part.

1. (a) According to CLP's account of the proceedings below, it attempted to show that as a result of Fowler's breaches, it incurred damages in the amounts of (a) $215,000 for the proposed amount of a tenant's renewed lease minus a reduction in both term and amount caused by the poor condition of the parking lot; (b) $225,000 for the cost of fixing the parking lot; (c) $22,000 for the cost of replacing the parking lot lighting; and (d) $33,490 for the decrease in the property's value caused by heavier traffic as a result of additional and unauthorized entryways made to the lot. By this account, then, CLP's claimed damages, some portion of which it admits were not proved with enough specificity to justify an award of actual damages, amounting to approximately $595,000. Although the trial court found that "the damages suffered by [CLP] are not trivial but are substantial," it awarded $120,000 as nominal rather than actual damages.

In its seminal 1901 decision on nominal damages, the Supreme Court of Georgia construed the term as one "purely relative, [carrying] with it no suggestion of certainty as to amount," and also as "a trivial sum awarded where a mere breach

2

of duty or infraction of right is shown, with no serious loss sustained." *Sellers v. Mann*, 113 Ga. 643, 643-644 (39 SE 11) (1901). The Court continued:

> It is apparent that this trivial sum might, according to the circumstances of each particular case, vary almost indefinitely. In some cases a very small amount might constitute the trivial sum contemplated by the term "nominal damages;" in others a much larger amount might measure down to the *same standard of triviality. It would depend largely upon the vastness of the amount involved what sum would be considered trivial.*

(Emphasis supplied.) Id. at 644. The following year, our Supreme Court also noted that nominal damages "are *not* given as *compensation for the breach of a contract*, but simply in vindication of the right of a person who brings an action upon a good cause, but fails to prove that he has sustained any actual damage, and *to prevent his being mulcted in the costs after he has established his cause of action*." *Foote & Davies Co. v. Malony*, 115 Ga. 985, 988 (4) (42 SE 413) (1902) (emphasis supplied), citing the predecessor to OCGA § 13-6-6 (where a breach of contract results in "no actual damages," nominal damages may be given "to cover the costs of bringing the action"); see also *King v. Brock*, 282 Ga. 56, 58 (646 SE2d 206) (2007) (noting sister states' majority view of nominal damages as "a peg to hang costs on"); *Ransone v. Christian*, 56 Ga. 351, 357 (1876); *Western Union Telegraph Co. v. Glenn*, 8 Ga.

App. 168, 169 (68 SE 881) (1910). As to specific awards of nominal damages, the parties have cited cases authorizing nominal damages in amounts up to $3,000, with the latter held not excessive when "viewed in conjunction with the evidence of actual damage." *Ponce de Leon &c. v. DiGirolamo*, 238 Ga. 188, 190 (3) (232 SE2d 62) (1977); see also *Atlantic Coast Line R. Co. v. Stephens*, 14 Ga. App. 173, 175-178 (80 SE 516) (1914); *Duckworth v. Collier*, 164 Ga. App. 139, 140 (3) (296 SE2d 640) (1982); *First Fed. Sav. & Loan Assn. v. White*, 168 Ga. App. 516, 517 (309 SE2d 858) (1983).

An award of nominal damages in the amount of $120,000 in a case in which actual damages amounted at most to five times that amount is neither absolutely nor relatively "trivial." The parties' dispute over fees shows that they do not consider the amount at issue there – ranging somewhere between $30,000 and $70,000 – to be trivial in itself. Compare *Atlantic Coast Line R. Co.*, 14 Ga. App. at 176-179 (award of $150 was not excessive even when actual damages amounted to only $3.80). Likewise, an award of nominal damages amounting to approximately one-fifth of an amount of total damages claimed, the latter not itself trivial, cannot meet the "standard of triviality" set out in longstanding Georgia law. See *Sellers*, 113 Ga. at 643-644; compare *White*, supra, 168 Ga. App. at 517 (in the absence of a transcript

4

of the relevant hearing, an award of $3,000 in nominal damages concerning a dispute over mobile home was not excessive); *Glenn*, supra, 8 Ga. App. at 169-170 (award of $250 in nominal damages was not excessive in light of claim for $3000 in actual damages).

Thus we conclude that the trial court erred when it denied Fowler's motion for new trial as to the amount of nominal damages awarded here, and thus remand the case for a new trial on damages.

(b) In light of our reversal of the trial court's award of nominal damages as excessive, we leave the question of whether its particular finding of fact as to the costs of repair was erroneous for any further proceedings.

2. Fowler's also argues that the evidence did not support the trial court's award of attorney fees under OCGA § 13-6-11. We disagree.

> In order to recover attorney fees as expenses of litigation pursuant to OCGA § 13-6-11, the plaintiff must show that the defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. We will affirm an award of attorney fees under OCGA § 13-6-11 if there is any evidence to support it.

*Monterrey Mexican Restaurant of Wise v. Leon*, 282 Ga. App. 439, 450 (6) (638 SE2d 879) (2006). Awards for fees under OCGA § 13-6-11 "must be apportioned to those

5

attorney fees attributable to claims on which the plaintiff prevailed," however. Id. at 453 (6); see also *Savannah Yacht Corp. v. Thunderbolt Marine*, 297 Ga. App. 104, 112 (4) (676 SE2d 728) (2009).

Construed in favor of the trial court's judgment, the record shows that CLP's complaint stated claims for breach of contract and rescission. Counsel for CLP testified that the fees charged, as reduced by the amount expended on the unsuccessful rescission claim, were "normal hourly rates," "reasonable, necessary and appropriate," and amounting to $32,980.39. Counsel also provided an affidavit from co-counsel explaining that he had adjusted his fees to exclude that portion expended on the rescission claim and that his rate was "reasonable" for the Middle Georgia legal market. Co-counsel also provided itemized billing statements of the fees as thus adjusted, as well as a summary yielding a total of $33,436.34. The record also shows that Fowler's did not object to the admissibility of co-counsel's affidavit or documents and waived cross-examination on the issue of fee apportionment.

We are not persuaded by Fowler's assertion that CLP may recover fees for only one of its three theories of breach of contract because the trial court found in CLP's favor on that theory alone. If the *claim* for breach of contract was successful, fees expended in pursuit of that claim are recoverable. See *Ga. Dept. of Transp. v.*

6

*Douglas Asphalt Co*., 297 Ga. App. 470, 475 (2) (677 SE2d 699) (2009) (factfinder need not prorate fees between various aspects of a single cause of action). Nor do we agree that we are bound to reverse the award as not supported by sufficient evidence under *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401 (433 SE2d 606) (1993). In that case, plaintiff Banks herself presented her attorneys' time sheets and affidavits, none of which distinguished between successful and unsuccessful claims, and the defendants in that case were not given the opportunity to cross-examine counsel as to either "reasonableness and value or on the allocation of time and expenses among the various claims." Id. at 402. Here, by contrast, the trial court had substantial evidence, including affidavits, testimony, and billing statements, concerning the proportion of fees expended on the breach-of-contract and recission claims, and made an award within the range of the evidence before it. Fowler's also waived any objections or cross-examination as to the apportionment of CLP's fees. It follows that the trial court did not err when it granted CLP $55,000 in fees under OCGA § 13-6-11.

*Judgment affirmed in part, reversed in part, and case remanded for a new trial on damages. Doyle, P. J., and Boggs, J., concur.*

Decided September 27, 2012.

Nominal damages. Bibb Superior Court. Before Judge Brown.

*Martin Snow, John T. McGoldrick, Jr., Stuart E. Walker*, for appellant.

*James, Bates, Brannan & Groover, Thomas C. James III, G. Grant Greenwood*, for appellee.