## UNITED STATES v. YOUNG et al.

*(Circuit Court, E. D. New York.  November 18, 1890.)*

1. EVIDENCE—GOVERNMENT DOCUMENTS—CERTIFIED COPIES.
   Though certified copies of the books and accounts of the treasury department are by statute made evidence in favor of the government in actions against alleged delinquents, they are not conclusive, and, if a reply is made thereto, the case is to be decided on all the evidence.

2. INDIAN AGENTS—ACTION ON BOND.
   In an action on an Indian agent's bond for failure to account for property alleged to have come into his hands, the government is not required to show that the agent has converted the property or proceeds thereof to his own use, but it may recover whatever loss it has sustained by his failure to account as required by his bond.

3. SAME.
   Where the government has lost nothing by such failure to account, it can recover nominal damages only.

4. SAME—BURDEN OF PROOF.
   The burden of proving the amount of its loss is on the government.

5. SAME—EVIDENCE.
   The fact that certain articles have been omitted from the agent's quarterly report is only *prima facie* proof that they have been lost to the government, and may be overcome by proof that they were at the agency at that time.

6. SAME.
   An Indian agent who has given bond to faithfully discharge the duties of his office is not responsible for the negligence, error, or breaches of duty of doctors and clerks furnished by the government, unless by reasonable diligence he could have prevented such negligence, errors, or breaches of duty.

7. SAME.
   Where the government fails to furnish the agent a clerk, he is responsible for the performance of the clerical duties of the agency in the best way practicable for him alone.

At Law.

*Jesse Johnson* and *John Oakey*, for the United States.
*Andrew J. Todd* and *George G. Reynolds*, for defendants.

LACOMBE, Circuit Judge, *(charging jury.)*  The defendant Young having been appointed an Indian agent, in accordance with the law, executed a bond, together with the other two defendants, that he would, while in office, carefully discharge the duties thereof, and faithfully expend all public moneys, and honestly account without fraud or delay for the same, and all public property which should or might come into his hands.  This suit is upon that bond.  The government claims that he did not carefully discharge the duties of his office, nor faithfully expend all public moneys; that he did not honestly account without fraud or delay for the same, and for all public property which came into his hands; but that, on the contrary, as such agent he did receive certain moneys and other property belonging to the United States, amounting in value to the sum of $1,486.10, which he did not faithfully expend and honestly account for without fraud or delay, or pay over to the United States, and which said sum still remains unpaid and unaccounted for.  That is the claim in this suit.  Now you have heard the phraseology of the bond, which is that he should carefully discharge the duties of his office, and faithfully expend the public moneys, and honestly account, etc.  He does not discharge his whole duty

by being simply honest. He was bound also to carefully discharge the duties of his office as the same were prescribed to him by his superior officers. Especially was he bound to account for all public property which came to his hands, and to do so not only without fraud, but without delay. His term served, and his final returns being made, the government examined his accounts, and, finding that they did not on their face account for all the property which appeared to come into his hands, now comes into court to enforce the obligation of this bond. By statute, a certified copy of the books and accounts of the treasury department is made evidence in favor of the government in support of any claim which it advances against an alleged delinquent, and certifications of the books and accounts were introduced in evidence here. That is a convenient rule, and lays the burden where it belongs. If no explanation at all is offered, judgment of course goes in accordance with the certified copies of the accounts. But the certified copies of the accounts, although evidence, are by no means conclusive evidence; and, if there is reply made to them, the case must be decided, not simply by the accounts, but by the evidence introduced in the case. Leaving out the cash items, (as to which you are directed to find in favor of the defendant,) these accounts make out on their face a *prima facie* case of failure to account in accordance with the obligation of the bond. This case the defendant undertakes to meet, and it is for you to determine if he has done so. In determining that question, there are certain general principles of law governing the case which you must bear in mind.

I have been asked by the defendants to charge with regard to them, and have added one or two statements of my own. These are the principles which you must bear in mind: *First.* The government is not bound to show that the defendant has converted the property received, or the proceeds of property sold, to his own use. It is not bound under this bond to make out a case of fraud or conversion against him. *Secondly.* A failure on the part of the defendant to conform to the obligations of the bond is sufficient to entitle the government to recover upon the bond whatever loss it has sustained by reason of such failure. If through such failure it has lost property or proceeds of property, he must respond for such a loss, although he did not himself appropriate the property. But the government can only recover such damages as it has in fact sustained by reason of the breach of his obligation under the bond.

If the government has in fact lost no money, and lost no property, by reason of the defendant's failure, the recovery can only be for nominal damages.

The burden of proof is upon the plaintiff to show the amount of its loss. The fact that certain articles of property have been left off from any of the quarterly reports, is not conclusive proof that they have been lost to the government. It is, however, *prima facie* proof of that fact. Any presumption which might arise from such omission—that is, such omission of property from the quarterly reports—may be overcome by satisfactory proof that the property was, in fact, at the agency at the

time of such omission. If you believe that no money or property has been appropriated by the defendant Young, or lost to the plaintiff through his fault, you cannot award more than nominal damages to the plaintiff.

The defendant Young is not responsible for the negligence, errors, or breach of duty of the doctors and clerks who were appointed and furnished by the government, unless by the exercise of reasonable diligence he could have prevented such negligence, errors, or breach of duty. When the plaintiff failed to furnish the defendant with a clerk, the defendant was only responsible for the performance of the clerical duties of the agency in the best way practicable for him.

In leaving this case to you, I shall send with you a series of questions raised in this way: Do you find for the plaintiff or the defendant on these separate items? Opposite each item which is lettered here you will write the word "plaintiff" or "defendant," as the case may be. These items are as follows: (a) "Sales to employes." There is a difference between the amount collected from the employes and the amount which the government says should have been collected from them. That difference, the defendant says, arose from the fact that he was not in all cases able to ascertain the cost price or the transportation price which he should put upon the articles, the government at Washington in revising the accounts having more full information as to the cost of articles and the cost of transportation than he. The second item (b) is for "supplies fed out." That includes the hay of which you have heard, which was furnished to the starving stock. The third item (c) "supplies issued to Indians;" such as soap, flour, and so on. The fourth article (d) relates to "shortages on goods received." The fifth article (e) relates to "dead animals," among which is included the horse, and so on. The next, (f,) "school supplies," as to which there has been some testimony. The next, (g,) "medical supplies." And, finally, (h,) the other items on property returns not accounted for. As to each of those items, you will return a separate answer. In case you find for the plaintiff as to either of these items, you are to indicate whether the verdict as to such finding is for nominal damages (six cents damages) or substantial damages. To illustrate, if, as to a particular piece of property, you find that it is dropped from the agent's last return, and has never turned up again, that it has disappeared so far as the government is concerned, is out of the government's hands, then the damages in that case are not to be nominal, but substantial. If, as to the same article, however, you should find that it was dropped from his return through some oversight when his successor receipted for the property, but that the article was, in fact, at the time there, and did come to the hands of his successor or successors, and has not been lost to the government, then the utmost which the government can claim is nominal damages for breach of duty in failing to include it on the return. I think I have covered all the requests that have been handed up to me by counsel. I have declined the request to direct a verdict in favor of the defendants, and give them an exception.

The jury found for the defendant as to the first six items, and for the plaintiff as to the last two, awarding nominal damages; the items being as follows:

(*a*) Sales to employes.   For defendant.
(*b*) Supplies fed out.'   For defendant.
(*c*) Supplies issued to Indians.   For defendant
(*d*) Shortage in goods.   For defendant.
(*e*) Dead animals.   For defendant.
(*f*) School supplies.   For defendant.
(*g*) Medical supplies.   For plaintiff; nominal.
(*h*) Items of property on returns, and not accounted for.   For plaintiff; nominal.