SOUTHERN RAILWAY CO. *v.* BRYANT (two cases).

1. In an action for damages growing out of a breach of contract of carriage, entered into between a passenger and a railway company, it was error to charge that "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff"; and "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed."

2. Under the facts of the present cases, verdicts for $250.00 and $300.00 were excessive in amount.

Argued June 20, — Decided July 26, 1898.

Actions for damages. Before Judge Janes. Polk superior court. October 11, 1897.

*Shumate & Maddox,* for plaintiff in error.
*Wright & Ewing* and *J. A. Wright,* contra.

SIMMONS, C. J. Two young ladies purchased railroad-tickets over the line of the Southern Railway Company from Atlanta to a flag-station called Hamlet. It seems that the engineer omitted to give the signal of an approach to Hamlet, by reason whereof the conductor failed to signal the engineer to stop at that place. The conductor did not discover that the train had passed Hamlet until it had gone about half a mile beyond. He then apologized to the ladies for having carried them beyond their station, expressed his regret, and told them that he would either leave them at the next station or carry them on until he met the down train, put them on that, and have them brought back to Hamlet. They chose to stop at the next station. On arriving there, they alighted and were carried into the reception-room at the station where there was a good fire and light. There they remained for about three hours when they boarded the down train. They arrived at Hamlet shortly before day. There was no one to meet them at that place, and they walked a quarter of a mile through a

field to their father's house. They brought their actions against the railway company for damages, and on the trial of the cases the jury returned verdicts for both of them, $250 in favor of one and $300 in favor of the other. The railway company moved for new trials; the motions were overruled, and the company excepted. The alleged errors were, in giving in charge to the jury the sections of the code which are set out in the first headnote, and in not granting new trials because the verdict in each case was excessive and contrary to law.

1. The first portion of the charge set out in the headnote is a copy of section 3906 of the Civil Code. In the case of *Southern Ry. Co. v. Harden,* 101 *Ga.* 263, this same section of the code was given in charge under a state of facts somewhat similar to those above recited, and this court held that the section was inapplicable and that it was therefore error to give it in charge to the jury. We deem it unnecessary to elaborate here the reasons given in that case by Atkinson, J., as to why it was error to give this section in charge. It is sufficient to say that the decision in that case is controlling in these. In regard to the other portion of the charge given in the headnote (section 3907 of the Civil Code) it is only necessary to say that, in several decisions of this court, it has been declared error to give the whole of that section in charge in cases like the ones now under consideration, or even in cases where actual physical injuries have been sustained. *Central Railroad v. Senn,* 73 *Ga.* 705; *Georgia Railroad v. Homer,* 73 *Ga.* 251; *Atlanta Con. St. Ry. Co. v. Hardage,* 93 *Ga.* 457. In cases of this character, the worldly circumstances of the defendant should not be considered by the jury. In these particular cases the question of defendant's bad faith should not be considered; for there was no evidence to authorize the judge to charge upon this subject, nor facts shown from which the jury could properly infer bad faith upon the part of defendant. The plaintiffs do not claim to have sustained any pecuniary injury for loss of time or expenses incurred, nor that they have sustained any physical injury; and the only part of this section which should have been given in charge, and even then not in the words of the section, was that the jury could give such damages as their enlightened con-

sciences might approve. These sections of the code can not properly be given in every case sounding in tort. They simply announce principles, and, as a whole, are not applicable to every case. The trial judge may give one principle in one case, and another in another case, giving each as the facts of the case may require or warrant.

2. It may have been that these erroneous charges caused the jury to find these excessive verdicts. The jury may have considered, without proof, the worldly circumstances of the railway company, and may have thought that a rich corporation had acted in very bad faith because its engineer had failed to signal the approach to the station, and may have come to the conclusion from these facts that these young ladies were entitled to such large damages for a detention of three hours in a comfortable room. The evidence shows that they suffered no loss, were not frightened, were well-treated and comfortable. The conductor was polite, and the agent at the station where they stopped over treated them with courtesy. Their only annoyance appearing in the record was that one of them thought their father would be disappointed at their not arriving at their home at the time appointed. We can not conceive how an honest jury, acting without partiality or bias against the defendant, could under the facts have returned such verdicts. There are hundreds and thousands of women, and men too, in this country, who work daily the whole year for less than was given by the jury to these girls for the slight inconvenience of being detained three hours. If these girls had hired a carriage and driver and the latter had driven them two miles beyond their destination, as a result of unintentional negligence, and brought them back after they had waited three hours in a comfortable room, we have no idea that, in suits by them against the owner of the carriage, these jurors would have returned these verdicts. Yet the law is the same in both cases. The violation of contract, caused by a negligent omission of duty, is in each case the ground of recovery. We are compelled, after carefully reading the evidence in both the cases now under consideration and finding only a very slight cause of action, to say that the verdicts are excessive, and must have been brought

about, not only by the erroneous charge of the court, but by bias and prejudice on the part of the jury.

*Judgment reversed. All the Justices concurring.*