CENTRAL OF GEORGIA RAILWAY COMPANY *v.* WOOD.

In a suit for damages against a railroad company, based on alleged negligence of the defendant in carrying the plaintiff by the station of her destination, where the plaintiff's evidence fails to disclose that she suffered any physical injury, and the utmost damage proved is the inconvenience of several hours delay and the missing of her dinner by the plaintiff; and where the conduct of the employees of the railroad company was not such as to authorize the grant of punitive damages, but on the contrary was in every respect courteous and accommodating, a verdict for the plaintiff for $249,50 is unwarranted and should be set aside by the trial judge as excessive.

Argued May 9, — Decided June 1, 1903.

Action for damages. Before Judge Reece. City court of Floyd county. January 12, 1903.

*J. Branham*, for plaintiff in error.
*M. B. Eubanks* and *R. T. Fouché*, contra.

CANDLER, J. The plaintiff sued the railroad company for damages in the sum of $499, and obtained a verdict for $249.50. Her own evidence showed that she boarded a train of the defendant, accompanied by her infant child, who was sick, and presented the conductor with a ticket to a small station in Floyd county, near the city of Rome, her ultimate destination being the home of her parents, a short distance from the station for which she had a ticket. The train did not stop at her station, and she was carried on to Rome. Had she been put off at her station, she would have reached her parents' home in time for dinner. As it was, she did not get her dinner that day. The train reached Rome before noon, and shortly after alighting from the train the plaintiff met her father, who happened to be in Rome on business. About four o'clock in the afternoon he took her home with him on his wagon. Nothing is shown which would entitle the plaintiff to punitive damages, but on the contrary it appears that throughout the transaction she was treated

with due courtesy and consideration. The evidence for the defendant was to the effect that after having passed the plaintiff's station the conductor offered to back his train and let her off, or, if she so desired, to take her on to Rome and give her free transportation back to her station, and that she expressed a desire to continue on to Rome. This, however, was denied by her. Be that as it may, there is an entire lack of evidence of any suffering or damage sustained by the plaintiff beyond the inconvenience of being carried beyond her station, causing her to miss her dinner, and delaying her in reaching the home of her parents. While she missed her dinner, it does not appear, from her evidence even, that she suffered from hunger. The day was Christmas eve, and the weather was cold, but the plaintiff does not say that she suffered the least unpleasantness from the severity of the weather. Her child was sick, and it was on that account that she was going to the home of her parents, but there is nothing to indicate that she was caused any mental anguish by reason of the suffering of the child, granting that the child suffered on account of the alleged negligence of the defendant.

Under all the circumstances, we are constrained to hold that a verdict for the plaintiff for $249.50 was excessive and should have been set aside on motion for a new trial. We are aware of the extreme difficulty of fixing a limit in cases of this character beyond which the jury may not go without doing violence to the principles of justice. The plaintiff in the present case, however, does not claim to have suffered any substantial or permanent damage, and it would seem, to say the least, to be more than an ample recompense to allow approximately $250 for a few hours delay in the progress of her journey, the loss of her dinner, and the slight inconvenience which she is shown to have suffered. The case of *Southern R. Co.* v. *Bryant,* 105 *Ga.* 318, we think is very strongly in point. See also *Hughes* v. *Western R. Co.* 61 *Ga.* 132, where in a somewhat similar case to the one at bar $50 was held to be enough. While it is with great hesitancy that we interfere with the verdict of a jury duly approved by the trial judge, we can not see our way clear to allow this verdict to stand.

*Judgment reversed. By five Justices.*