## 27761. WESTERN UNION TELEGRAPH CO. *v.* KING.

Decided November 24, 1939. Adhered to on Rehearing December 20, 1939.

*Francis R. Starke, Wright & Willingham, Heyman & Heyman,* for plaintiff in error.

*Lanham & Parker,* contra.

Felton, J. H. S. King sued Western Union Telegraph Company for nominal damages for the failure to deliver a telegram deposited with it at Rome, Georgia, addressed to his daughter in Milwaukee, Wisconsin, the substance of which was as follows: "Your mother died today. Funeral day after tomorrow. Wire whether or not you can come." The message was charged to the plaintiff's account and was not dispatched from the Rome, Georgia, office. The plaintiff alleged that by reason of the failure to dispatch the telegram he was deprived of the companionship, consolation, and sympathy of his daughter during the dark hours immediately after his wife's death and preceding and during the funeral and burial. The jury awarded $250 nominal damages. A motion for new trial was overruled, and the defendant excepted.

1. The transaction was one involving interstate commerce even though the telegram was not transmitted across State lines. Western Union Telegraph Co. *v.* Czizek, 264 U. S. 281 (44 Sup. Ct. 328,

68 L. ed. 682) ; Postal Telegraph-Cable Co. *v.* Eubanks, 121 Miss. 530 (83 So. 678) ; Ward *v.* Western Union Telegraph Co., 226 Mo. App. 752 (46 S. W. 2d, 268).

2. Congress has so far occupied the entire field of interstate business of telegraph companies as to exclude State action on the subjects not expressly excepted. 48 Stat. L. 1064; Postal Telegraph-Cable Co. *v.* Warren-Godwin Lumber Co., 251 U. S. 27 (40 Sup. Ct. 69, 64 L. ed. 118) ; Western Union Telegraph Co. *v.* Boegli, 251 U. S. 315 (40 Sup. Ct. 167, 64 L. ed. 281) ; Western Union Telegraph Co. *v.* Esteve Brothers & Co., 256 U. S. 566 (41 Sup. Ct. 584, 65 L. ed. 1094) ; Western Union Telegraph Co. *v.* Priester, 276 U. S. 252 (48 Sup. Ct. 234, 72 L. ed. 555) ; Western Union Telegraph Co. *v.* Brown, 234 U. S. 542 (34 Sup. Ct. 955, 58 L. ed. 1457) ; Western Union Telegraph Co. *v.* Speight, 254 U. S. 17 (41 Sup. Ct. 11, 65 L. ed. 104) ; Southern Express Co. *v.* Byers, 240 U. S. 612 (36 Sup. Ct. 410, 60 L. ed. 825, L. R. A. 1917A, 197). The purpose of the occupation of this field of commerce was to insure uniformity of regulation, and, under the above authorities and numerous others which could be cited, to authorize the application of a State rule of nominal damages inconsistent with the rule applied by the Federal courts would have the effect of retaining within the power of the State the right to provide a penalty or damages for the failure to perform a duty the power to punish which it was the intention of Congress to assume exclusively. If the Georgia rule as to nominal damages permits the recovery of more than a nominal amount as nominal damages, such as one penny, six cents, or a dollar, it is contrary to what seems to be the rule as applied by the Federal courts, and it was error for the court to apply other than the Federal rule in this case. The award of damages by way of a different rule as to nominal damages would be just as objectionable and create or tend to create as much lack of uniformity in the regulation of interstate commerce as a statute which had a like effect. Such a statute is ineffective as shown in the Speight case, *supra*, and others. While the Supreme Court of the United States has made no authoritative ruling on the question of what it adjudges nominal damages to be we are following as persuasive authority the rulings of the Federal courts which have applied the rule. See Atlantic Oil Producing Co. *v.* Masterson, 30 Fed. 2d, 481; U. S. *v.* Young, 44 Fed. 168 (3) ; Hemingway Mfg.

Co. *v.* Council Bluffs Canning Co., 62 Fed. 897, 900; U. S. *v.* Patrick, 73 Fed. 800.

The court erred in overruling the motion for new trial. The judgment of reversal is adhered to on rehearing and the foregoing opinion is substituted for the original opinion.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs specially.*

SUTTON, J., concurring specially. The plaintiff sued the defendant for nominal damages only for its failure to transmit a telegram from Rome, Georgia, to his daughter in Milwaukee, Wisconsin. The plaintiff in error contends that the telegram was one involving interstate commerce and is controlled by the Federal rule with respect to nominal damages. The defendant in error contends that the Georgia rule is applicable to the present case, and that the verdict for $250 nominal damages can and should be upheld under the Georgia law. The act of Congress referred to in the majority opinion does not deal with the question of nominal damages, and it seems that the United States Supreme Court has not decided any case involving the question as to the amount for which a verdict for nominal damages can be sustained. Whether dependent on the Federal rule or the Georgia law, I am of the opinion that the verdict in the present case for $250 nominal damages can not be sustained.

"'Nominal damages' are a small and trivial sum awarded for a technical injury due to a violation of some legal right, and as a consequence of which some damages must be awarded to determine the right. 'Nominal damages' arise by implication of law for the violation of the rights of another from which injury arises, but which is either incapable of ascertainment, or the value of which the proof wholly fails to show." (Citing.) 2 Words & Phrases, Fourth Series, 800. See also 17 C. J. 714, § 34. "It has been said that while the law implies damages from the violation of every right, without proof of actual detriment it implies the smallest appreciable quantity. One dollar is the amount usually adjudged where only nominal damages are allowed. A considerable amount—as, for example, $100 or $200—is a substantial recovery, and does not come within the definition of nominal damages; hence, a finding of nominal damages will not warrant a judgment for such amount." 15 Am. Jur. 292, § 5. Similar definitions of

nominal damages from many jurisdictions could be given. Under the Georgia rule it seems that there are two classes of cases wherein nominal damages may be awarded, one being where a right of the plaintiff has been violated or invaded, but where the evidence fails to show that the plaintiff has sustained any actual loss, and the other being where the plaintiff's right has been violated or invaded, followed by actual loss to the plaintiff, but where under the evidence the damages can not be established with definiteness. The present case falls within the first class, if the Georgia rule is applicable, as nominal damages only are sued for, and a verdict for $250 nominal damages could not be upheld. It was long ago held in *Ransone* v. *Christian, 56 Ga.* 351 (6) : "Nominal damages mean in law some small amount sufficient *to cover and carry the costs,* and when requested in writing so to charge the jury, the court should do so, where any view of the facts proven justify a charge upon the subject." (Italics mine.)

In *Sellers* v. *Mann,* 113 *Ga.* 643 (39 S. E. 11), the Supreme Court said that "the term 'nominal damages,' like 'exemplary damages,' is purely relative, and carries with it no suggestion of certainty as to amount," but that was in a case where the jury had returned a verdict for "nominal damages" without naming any amount, and the question presented was whether or not it was a legal verdict sufficiently definite to be upheld. The court reversed the case, holding that the verdict was too uncertain. The above-quoted language could not reasonably be said to represent the view of the court that a substantial amount could be awarded by a jury in a case where no actual loss was shown, it appearing from the record in that case that the plaintiffs contended that they had been damaged by the alleged breach of a contract by the defendant and sought $600 to cover the amount which they said they would have made but for such breach. It is one thing to say that the language means that the verdict was not definite, and quite another thing to contend that it is susceptible of the construction that where no loss is claimed a verdict in a substantial amount could be sustained as "nominal damages." In *Atlantic Coast Line R. Co.* v. *Stephens, 14 Ga. App.* 173 (80 S. E. 516), the *Sellers* case and *City of Greensboro* v. *McGibbony,* 93 *Ga.* 672 (20 S. E. 37), were primarily relied upon as authority. Also, *Western Union Telegraph Co.* v. *Glenn,* 8 *Ga. App.* 168 (68 S. E. 881), was referred to as being

sufficient authority for the ruling in the *Stephens* case. However, it is shown in the *Glenn* case that the award of nominal damages in a sum which is more than just some amount which would carry the costs must be in a case where the plaintiff claims substantial damages, because, after quoting the aforementioned language from the *Sellers* case, it was held that "A recovery may be classified as coming under the definition of nominal damages where the violation of a right is shown, *substantial damages claimed, and some actual loss proved,* and yet the damages are not susceptible of reasonable certainty of proof as to their extent." (Italics mine.) I have already expressed my view of the limitation of the statement made in the *Sellers* case, and am also of the opinion that the *McGibbony* case is not authority for upholding the verdict in the present case. In the *McGibbony* case the plaintiff sued for personal injuries sustained by reason of a defective bridge in one of the city's streets. The verdict was for $250, but not solely for nominal damages. According to the evidence shown by the record, the plaintiff was thrown to the ground while riding horseback upon the bridge which contained a defective plank. It was undisputed that two of his ribs were broken. He was confined to his bed for several weeks, and sued for $3000, claiming not only loss of time but damages for his physical injuries and for pain and suffering. Among other things the court charged the jury: "In the event you find the plaintiff is entitled to recover at all, he is entitled to recover damages for loss of time, if he lost any." The Supreme Court held this charge not to be error, since there was some evidence that the plaintiff's time was of some value, but, in view of the nature of the case and the undisputed injuries, concluded that the jury could have allowed very little, if anything, for lost time, saying: "At any rate, the plaintiff was entitled to at least nominal damages for his loss of time, and the jury, in estimating the damages, very probably did not allow him any considerable sum on this account, the verdict, in view of the entire evidence, being quite reasonable in amount." Thus it is clear that the Supreme Court, based on the record which has been examined, did not consider that the $250 was all for nominal damages; but, if treated as an allowance for nominal damages only, the case is really one which falls within the second classification named, since the amount was allowed in a case where, however indefinite, there was evidence from which a loss of time of some value could be established.

Where no actual loss is claimed the true rule is to be deduced from *Ransone* v. *Christian,* supra, and *Central of Georgia Ry. Co.* v. *Wood,* 118 *Ga.* 172 (44 S. E. 1001). In the *Stephens* case the court referred to the *Wood* case as follows: "In *Central Ry. Co.* v. *Wood,* 118 *Ga.* 173 (44 S. E. 1001), a verdict for nominal damages of $249.50 was set aside; and the facts of that case are somewhat similar to those of the case at bar; but the decision was not by a full bench, only five Justices participating, and the judgment was rendered with an expression of 'great hesitancy' and some uncertainty as to whether the discretion of the trial judge in approving the verdict should be overruled. The opinion in the *Sellers* case, supra, is the unanimous decision of a full bench. We are, of course, as much bound by the decision in *Central Ry. Co.* v. *Wood,* supra, as if it had been delivered by a full bench; but, in the opinion in that case, 'the extreme difficulty of fixing a limit in cases of this character beyond which the jury may not go without doing violence to the principles of justice' is recognized; and for this reason (to say nothing of the fact that the ruling in *City of Greensboro* v. *McGibbony* is an older decision), we are clear that in the present case, where the verdict involved is for $150 as nominal damages, and not, as in *Central Ry. Co.* v. *Wood,* for $250, we would not be as fully authorized to attempt to fix a limit as if the amount were in excess of $250, as it was in the previous trial of this case." In the *Wood* case, as in the present case, no actual damage was shown. The plaintiff had been carried by the railroad beyond her station, but had been treated with due courtesy and consideration otherwise. The court held: "In a suit for damages against a railroad company, based on alleged negligence of the defendant in carrying the plaintiff by the station of her destination, where the plaintiff's evidence fails to disclose that she suffered any physical injury, and the utmost damage proved is the inconvenience of several hours delay and the missing of her dinner by the plaintiff; and where the conduct of the employees of the railroad company was not such as to authorize the grant of punitive damages, but on the contrary was in every respect courteous and accommodating, a verdict for the plaintiff for $249.50 is unwarranted and should be set aside by the trial judge as excessive."

Even if the Georgia rule should be applied in the present case, as contended by the defendant in error, the verdict for $250 nom-

inal damages can not be upheld under the pleadings and the evidence. Neither has the Congress enacted any law nor has the United States Supreme Court laid down any rule as to nominal damages; but this question has been dealt with by some of the Federal courts, and their pronouncements in respect to amounts that may be allowed for nominal damages are less liberal than the Georgia rule. The verdict for $250 in the present case is a substantial recovery and is in the nature of compensatory damages, and I am of the opinion that this verdict can not be upheld as one for nominal damages under either the State or Federal law.