31854, 31858.  SOUTHEASTERN STAGES *v.* ABDELLA
*et al;* and *vice versa.*

DECIDED OCTOBER 21, 1948.

774

*Andrews & Nall, Stanley P. Meyerson,* for Southeastern Stages.
*Dunaway, Riley & Howard,* for Abdella.

*Douglas, Evans & Cole,* and *Samuel D. Hewlett,* for Yellow Cab Co.

PER CURIAM. ■ The motion to dismiss the cross-bill of exceptions is denied. If the new rule applies to exceptions pendente lite, whether notice was given to opposing counsel is not reviewable. *Midtown Chain Hotels Company v. Bender,* 77 *Ga. App.* 723 (49 S. E. 2d, 779).

■ This action was filed April 1, 1946. The plaintiff, on April 28, 1947, at the March term, amended his petition by striking the original and substituting a petition in four counts. The time for filing demurrers to this amended petition was extended be-

yond the March term, 1947, into the May term, a period of more than 15 days, without notice to or consent of the plaintiff or his counsel. The subject-matter of the cross-bill of exceptions is an exception to the judgment of the court refusing to strike the demurrers on the grounds indicated. Even if the old requirement of Code § 81-301 applies to a demurrer to an amended petition, the section has been amended so that all demurrers and pleas of the defendant are not required to be filed at the first term, but are required to be filed on or before appearance day. Ga. L. 1946, Code, Ann., § 81-301. There is no 15-day requirement as to demurrers to amended petitions. Code § 81-1312 provides for a reasonable time for answering material amendments. No abuse of judicial discretion is shown in this case in the allowance of additional time in which to demur to the very lengthy four-count amendment.

■ The motion to dismiss the main bill of exceptions is denied. Southeastern Stages has not waived its general demurrers and one special demurrer as to misjoinder of parties and causes of action was overruled, which is a judgment that is reviewable as to count four.

■ The court did not err in overruling the special demurrers to count four. This count does not show on its face that the negligence of the cab company did not contribute as a proximate cause in bringing about the injuries complained of. It is not necessary to go into detail as to the various allegations. Suffice it to say that the count sufficiently alleges negligence on the part of the cab driver, even if the bus was entering the intersection on a red light. The fact that the bus driver was negligent would not immunize the cab driver from his obligation to exercise due care under the circumstances, and in the exercise of ordinary care to avoid the negligence of the bus driver, discoverable by ordinary care.

■ The general demurrers to the whole amended petition and to each count separately were properly overruled. The principal contention of the plaintiff in error is that the plaintiff below abandoned his original petition by striking it and substituting the four-count petition. We cannot agree with this contention. The substituting of the four-count petition amounted to no more than amending the original petition so as to make one count,

and the addition of three more counts. The demurrers to the petition had been overruled by the trial court. The reversal of the judgment by this court left the case still pending in the lower court subject to valid amendments before the judgment of this court was made that of the trial court. *Moore* v. *Gregory*, 72 *Ga. App.* 614 (34 S. E. 2d, 624). This case differs from a case where a demurrer to a petition is sustained and that judgment affirmed by an appellate court. In such a case the petition is not thereafter amendable to include allegations which might have been added by amendment. The difference is that in the case of the sustaining of a demurrer and affirmance thereof, the opportunity of amendment has been foreclosed. In such cases as this it is still open to the same extent as it would have been if the trial court had ruled that the original petition did not state a cause of action and that he would sustain the demurrer if the petition was not amended. In that case an amendment would be allowable if proper. The questions now are: was there enough to amend by, and was a new cause of action set forth? Code § 81-1302 provides: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." This section controls this case and we think fits it in every particular. Where general negligence is alleged as the cause of an injury, the changing of allegations as to particular acts of negligence, even if the changes contradict the original, does not constitute new causes of action. We do not deem it necessary to cite the multitude of cases which sustain this ruling nor to cite cases which are distinguishable, wherein different and distinct causes of action were sought to be set up by amendment.

The court did not err in overruling the demurrers. No ruling is made on the demurrers which the trial court did not consider and pass on.

778

On rehearing, the judgments on the main and cross-bills of exceptions are affirmed by the two divisions of this court sitting as one court, under authority of the act of 1945 (1945 p. 232, Code, Ann. Supp., § 24-3501.)

*Judgments affirmed. Sutton, C. J., MacIntyre, P. J., and Felton, Gardner, Parker, and Townsend, JJ., concur.*