32221. JEREMIAS *v.* WESTERN UNION TELEGRAPH CO.

DECIDED DECEMBER 3, 1948.

*Randall Evans Jr.*, for plaintiff.

*Robert E. Knox*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ Briefly but substantially stated, the contentions of the defendant are: (1st) that the petition, without regard to the amendment that was offered and disallowed, is too vague and indefinite to support a recovery of $2500 or any other sum for any kind of damages, because it does not clearly and distinctly set forth any facts to show that any specific amount of damages resulted to the plaintiff as the natural and probable consequences of the alleged delay in delivering the telegram; and (2nd) that the plaintiff was not entitled to amend his original petition, (a) because there was not enough to amend by, and (b) because, since the proffered amendment was proposed to stand in the place and stead of the original petition, and was a complete petition within itself, its allowance would have resulted in the dismissal of the original suit and the bringing of a new action.

The plaintiff was entitled to amend his original petition by substituting in lieu thereof an amended petition complete within itself. See the 5th headnote and the corresponding division of the opinion in *Southeastern Stages* v. *Abdella*, 77 *Ga. App.* 772, (50 S. E. 2d, 85).

The original petition constituted enough to amend by. It showed a plaintiff and a defendant, and set out sufficient facts to indicate and specify a particular transaction as a cause of action. Code, § 81-1302; *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809).

In passing upon the demurrer the trial court should have considered the amended petition instead of the original. It is alleged therein substantially that the plaintiff had pending

negotiations with another at Tallahassee, Florida, and had an engagement there with him for the afternoon of November 15, 1947; that upon reaching Macon, Georgia, on his way from his home, Thomson, Georgia, at 12:30 p.m., and realizing he would be late for this engagement, he sent the telegram stating he would reach Tallahassee about 6 that night; that, although the sendee lived within 200 yards of the defendant's Tallahassee office, the telegram was not delivered until 8:30 p.m. that day; that in the meantime the sendee of the telegram took action in conflict with the purpose of the matter about which the plaintiff was making the trip to Tallahassee; that such conflicting action would not have been taken had the telegram been promptly delivered; that the trip of the plaintiff was thereby rendered useless; and that the cost thereof was approximately $50. It is clear from these allegations that, had the telegram been promptly delivered, the plaintiff would have had business in Tallahassee that day and that, by reason of the failure of the defendant to promptly deliver the message, he had none. The petition, therefore, states a cause of action for the expenses of the trip.

In his supplemental brief counsel for the plaintiff cites an act of Congress of June 19, 1934 (Title 47, § 206 of Supp. USCA), fixing the liability of interstate commerce common carriers for damages, and applicable to interstate telegraph commerce. From this we assume that the petition is based on this statute. Reasonable counsel fees are asked for, and the same are payable contingent upon a recovery of damages, the statute providing that they shall "be fixed by the court in every case of recovery" and shall "be taxed and collected as a part of the costs."

The petition sets out a cause of action for the expenses of the trip and a reasonable attorney's fee.

The petition also prays for nominal damages and for additional damages in the sum of $2500. Since we view the case only for the purpose of deciding whether or not the petition states a cause of action, and since we find that it does for the reasons hereinbefore assigned, we are not passing upon the sufficiency of the petition for nominal damages. However, in

this connection, see *Western Union Telegraph Co.* v. *King*, 61 *Ga. App.* 538(2) (6 S. E. 2d, 368), and the special concurrence of Judge Sutton on this subject. Nor are we passing upon the sufficiency of the petition, without further amendment, for the $2500 item of additional damages. However, in this connection we make the observation that the petition, in order to withstand demurrer, must allege that, had the telegram been delivered promptly, it would have resulted in the consummation of a specific contract between the plaintiff and the sendee, for a specific duration, binding on both parties, and the not making of which was the direct and proximate result of the delay in the delivery of the message, proximately resulting also in the loss to the plaintiff of a specific sum. See, in this connection, *Palmer* v. *Atlantic Ice & Coal Corp.*, 178 *Ga.* 405(2) (173 S. E. 424, 92 A. L. R. 176), and cases there cited.

■ The judgment disallowing the amendment was error. Considering the amendment, the petition sets forth a cause of action, and the judgment of the trial court sustaining the demurrer without considering the amendment, and dismissing the case, is error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*