## 34574. WILSON *v.* FULTON METAL BED MANUFACTURING CO.

DECIDED SEPTEMBER 18, 1953—REHEARING DENIED OCTOBER 1, 1953.

*Winfield P. Jones,* for plaintiff in error.

*Woodrow W. Tucker, John R. Burress,* contra.

WORRILL, J. Fulton Metal Bed Manufacturing Company, through its attorney, made an affidavit for garnishment, alleging

therein that Luther C. McKinney was indebted to it in the sum of $1,000 principal, interest and cost, upon a judgment or decree entered in favor of Noah J. Stone, auditor, the fi. fa. in said case having been transferred to the plaintiff by the said auditor. The summons in garnishment was served upon Lester Wilson, doing business as Lester Wilson & Company. The garnishee filed a motion to dismiss the garnishment proceeding; the plaintiff in garnishment amended the original affidavit by striking the same and substituting a new affidavit; the garnishee renewed its motion to dismiss and amended the same by the addition of grounds; the trial court upon hearing arguments on the same denied the motion; and the garnishee excepted.

■ The original affidavit for garnishment was in the following form: "In person before me came Woodrow Tucker, who on oath says that he is attorney for Fulton Metal Bed Manufacturing Company and that Luther C. McKinney is indebted to said Fulton Metal Bed Manufacturing Company in the sum of one thousand dollars and . . . cents principal $ . . . attorney's fees, interest and cost upon a judgment and decree assessing costs in favor of Noah J. Stone, auditor, a fi. fa. therefor having been issued and transferred to plaintiff herein, said decree having been entered Jan. 24, 1952, by the Superior Court of DeKalb County and the fi. fa. thereon for said sum having been transferred to plaintiff herein on June 27, 1952, and that affiant has reason to apprehend the loss of said sum or some part thereof unless process of garnishment do issue. Sworn to and subscribed before me this 30 day of June 1952. Woodrow Tucker. T. Parrish, Dep. Clerk, Civil Court of Fulton County." The garnishee moved to dismiss the garnishment proceeding on the ground that it appeared on the face of the affidavit that Luther C. McKinney, the debtor as to the indebtedness to whom the garnishee was required to answer, was nowhere mentioned as a judgment debtor, but that it merely appeared that a judgment and decree assessing costs in favor of Noah J. Stone as auditor had been rendered, and that it did not appear in what case such judgment had been entered, nor against what parties, nor wherein the said McKinney was a party defendant therein or otherwise made liable for such judgment or decree. This motion was without merit, and the trial court did not err in denying it. The original affidavit clearly

and distinctly stated that McKinney was indebted to the plaintiff in the sum of $1,000 upon a judgment and decree, and the additional phrase, "assessing cost in favor of Noah J. Stone, auditor," did not render the allegations of the affidavit so ambiguous or vague as to defeat its validity. In Georgia, garnishment is a statutory proceeding, and the requirements of the Code respecting the contents of the affidavit and form and sufficiency thereof and of the bond are all that need be met by the plaintiff. The only requirements respecting the contents of the affidavit are set forth in Code § 46-102, and it is there provided that the person making the affidavit shall merely state the amount claimed to be due in the action or on the judgment and that he has reason to apprehend the loss of the amount claimed or some part thereof unless process of garnishment issue. Additional requirements as to the contents of this affidavit will not be engrafted onto the Code requirements by way of judicial decision. The original affidavit in this case sufficiently complied with the requirements of the Code, so far as the motion to dismiss interposed by the garnishee was concerned, and the trial court did not err in denying the original motion to dismiss.

■ In an effort to meet the points raised by the garnishee in his motion to dismiss, the plaintiff amended the original affidavit for garnishment by the process of striking the original and substituting in its stead a new affidavit, which was dated the same as the original and set forth in somewhat more detail the facts concerning the judgment and its rendition, and set up specifically, in addition to the matter in the original affidavit, that the judgment or decree was rendered by the Superior Court of DeKalb County in favor of the auditor, Noah J. Stone, in the case of Luther C. McKinney vs. William J. Atkinson, Sr., and Fulton Metal Bed Manufacturing Company; that the judgment in favor of Stone was for $1,000 principal and $3.25 costs, and was against all the parties to said case, but provided that as between the parties thereto all costs should be paid by Luther C. McKinney.

In the first ground of the renewed motion to dismiss, the garnishee contends that, under the guise of an alleged amendment to the garnishment proceeding, the plaintiff in garnishment attempts to substitute an affidavit executed by the attorney for the plaintiff, which was executed on November 26, 1952, retroactively

dated June 30, 1952, in lieu of the stricken affidavit for garnishment executed by him on June 30, 1952, which attempted amendment is contrary to the provisions of Code § 46-604 prescribing the procedure for the institution of garnishments in counties other than the county where the suit is pending or where the judgment was obtained. The principal argument advanced by counsel for the plaintiff in error in connection with this ground of the motion to dismiss is that the original affidavit and bond are required for the issuance of the summons in garnishment against a resident of a county other than the county where the judgment was obtained, and that the striking of such original affidavit destroyed the legal edifice upon which the garnishment proceeding rested. The plaintiff in error recognizes that affidavits in garnishment proceedings, like affidavits in other summary actions, may be amended to the same extent and with only the same restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas. Code § 81-1203. In this case it appears that the effect of the amendment allowed by the court, when viewed in its true light, was merely to amplify and elucidate the allegations of fact contained in the original affidavit. The same result could have well been accomplished by a detailed amendment striking certain words, phrases, and sentences in the original affidavit and substituting or inserting additional words, phrases, and sentences so as to make the original affidavit, when amended, read as the substituted affidavit reads, but this would have been considerably more complicated and would have resulted in unnecessary wordiness and repetitiousness in the amendment. The law respecting pleading does not go to this ridiculous extreme. It has been expressly held that, where the plaintiff amended his petition by striking the original petition filed in the case and substituted in lieu thereof a new petition, either adding new counts or merely enlarging on the allegations of the original petition (as was done here in the case of the affidavit for garnishment), such mode of amendment is permissible so long as the original petition contained enough to amend by and the material added by amendment does not add a new cause of action. *Southeastern Stages* v. *Abdella,* 77 *Ga. App.* 772 (5), 776 (50 S. E. 2d 85); *Jeremias* v. *Western Union Telegraph Co.,* 78 *Ga. App.* 142 (1a) (50 S. E. 2d 797); *Central of Ga. Ry. Co.* v. *Sharpe,*

83 *Ga. App.* 12 (1), 15 (62 S. E. 2d 427). The first ground of the renewed motion to strike was without merit.

■ The next contention of the plaintiff in error is that it affirmatively appears on the face of the garnishment proceeding that the Deputy Clerk of the Civil Court of Fulton County, the officer issuing the summons of garnishment, failed to make a certified copy of either the original affidavit and bond for garnishment or of the substituted affidavit, as required by Code § 46-604, and that the officer serving the summons failed to transmit a certified copy of either the original or the substituted affidavit and bond together with his actings and doings thereon to the Superior Court of DeKalb County, where the original judgment was entered, as required by the said Code section. While it is true that it does not affirmatively appear on the face of the proceedings that these requirements of the Code section cited were complied with, it likewise does not affirmatively appear, as contended, that such requirements were not complied with. The motion does not itself show affirmatively that the requirements of this section respecting the issuance of a certified copy of the original affidavit and bond and summons and the return of such certified copies to the Superior Court of DeKalb County were not complied with. "Where a garnishment is sued out in one county based upon a judgment obtained in another, the garnishment will not be dismissed on the ground that it does not affirmatively appear that the officer who took the same made out a certified copy thereof, and that the officer who served the summons transmitted such certified copy with his return to the court in which the judgment was obtained, since the statute does not require such entry to be made upon the original. An attack upon a garnishment proceeding based on this ground should affirmatively show that such return has not in fact been made." *Rust* v. *Producers Co-operative Exchange,* 81 *Ga. App.* 260 (2), supra. This ground of the motion to dismiss was, therefore, without merit.

■ In the amended affidavit, Luther C. McKinney is alleged to be indebted to the plaintiff in the sum of $1,000 "upon a judgment and decree assessing costs in favor of Noah J. Stone, auditor, which judgment and decree was rendered by the Superior Court of DeKalb County, Georgia, on the 24th day of January, 1952, in· the case of Luther C. McKinney versus William J. At-

kinson, Sr., and Fulton Metal Bed Manufacturing Company, being case Number 12481 in said Superior Court of DeKalb County, Georgia; . . . that the judgment and decree upon which said fi. fa. was issued was against all parties to said case." This was a sufficient description of the judgment and was not so vague and uncertain as to be unavailable as the foundation of a garnishment proceeding, as complained of in the third ground of the motion to strike.

■ The final ground of the motion to strike attacks the amended or substituted affidavit because, it is contended, it affirmatively appears on the face of the affidavit that the judgment in favor of Stone was rendered against the plaintiff in garnishment, as well as against McKinney and Atkinson, and that the plaintiff has paid Stone, the plaintiff in fi. fa. the amount of the judgment, that Stone transferred the fi. fa. to the plaintiff in garnishment before the institution of the garnishment proceeding, and that the payment of the sum by the plaintiff in garnishment, one of the parties against whom the said judgment was entered, to the plaintiff in fi. fa. extinguished the execution and the judgment upon which it was based. It does not affirmatively appear on the face of the affidavit that the transfer of the execution to one of the joint or codefendants extinguished the judgment and execution. Executions are transferable, and the transferee ordinarily has the same rights and is subject to the same defenses and equities as was the transferor. Code § 39-401. Section 39-608 of the Code provides that, "When judgments have been obtained against several persons and one of them has paid more than his just proportion of the same, he may, by having such payment entered on the execution issued to enforce said judgment, have full power to control and use said execution as securities in execution control the same against principals or cosureties, and shall not be compelled to sue the codebtors for the excess payment on such judgment." Code § 39-607 merely provides that "The security paying off an execution shall have control thereof." It does not appear on the face of the garnishment proceeding that the plaintiff in garnishment has failed to comply with the requirements of the Code respecting the entry on the fi. fa. of the payment made by it, and insofar as this ground of the motion to strike raises this question it is a speaking demurrer and therefore without merit.

It is not necessary to the validity of the affidavit and summons in garnishment that the judgment and execution which are the basis for the proceeding be set forth as exhibits to the affidavit.

The trial court did not err in denying the motion to strike the original and substituted affidavit for garnishment for any of the reasons assigned.

*Judgment affirmed.   Sutton, C. J., and Felton, J., concur.*