38552. GWINNETT COUNTY v. ARCHER *et al.*

822

DECIDED DECEMBER 5, 1960—REHEARING DENIED
DECEMBER 20, 1960.

*Edward S. White, Allen E. Lockerman, Dudley S. Hancock,* for plaintiff in error.

*John S. Wood, A. J. Henderson,* contra.

FELTON, Chief Judge. ■ The county is the proper party plaintiff. *Gwinnett County v. Archer,* ante.

■ ■ In regard to the general demurrer filed by the defendants, several aspects emerge. First, whether or not there was enough to amend by, and secondly, whether or not the statute of limitation had run against the defendants. There is no merit to the contention of the defendants that the original petition, after being stricken, contained nothing to amend by. (The defendants say as much in their brief.) With the exception of the paragraphs relating to the G & H Supply Co., the amended petition is almost identical with the original, and the original, as well as the amended, sets out a cause of action. Under *Code* §§ 81-1301 and 81-1302 the plaintiff is permitted to amend his petition in the manner done and the amended petition, excluding paragraphs 23 through 28, which will be dealt with hereinafter, sufficiently sets out a cause of action against all defendants. *Southeastern Stages v. Abdella,* 77 Ga. App. 772 (50 S. E. 2d 85). *Gwinnett County v. Archer,* supra; *Woodruff v. Hughes,* 2 Ga. App. 361 (58 S. E. 551).

■ While it is of course well settled that the statute of limitation is four years from the date of a breach of a duty founded on fraud, public officers do not in all instances enjoy the same immunity, and under the allegations of this case the case of *Cook v. Commissioners of Houston County,* 62 Ga. 223, controls. The theory that the limitation of four years commences at the expiration of the term of office of a public official is that it is on that date that he relinquishes and returns his office and public funds to the public body, and it is from that date that the public body can ascertain if wrong has been perpetrated. The distinguishing factor seems to be that if the public official is not only guilty of intentional breach of public duty, but is also guilty of fraud and concealment in connection with public moneys, the statute of limitations begins at the expiration of his term of office. 137 A. L. R. 670. If loss or damage has resulted to the county by the negligent actions of the county commission-

ers in good faith, the statute would be four years from the date of their acts. Here, however, fraud is alleged, thus placing the instant case squarely in the category of *Cook v. Commissioners of Houston County*, supra, which is applicable under the facts of this case. Under such facts the same statute would apply to those conspiring with the officials.

■ The defendants demurred specially to paragraphs 23, 24, 25, 26, 27, and 28, which were the paragraphs by which the plaintiff in amending his petition alleged for the first time that the defendant Vinson owned and controlled the G & H Supply Co. It was improper for the plaintiff to add a new and distinct matter to his original petition solely as to the defendant Vinson. As to the defendant commissioners the new allegations would be prejudicial under the circumstances since it is not alleged that the operations of the subsidiary company would cost the county more and that the former commissioners knew it. The court properly sustained the defendants' special demurrers to these paragraphs of the amended petition. The uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill amounts to improper joinder and multifariousness. *Nail v. Mobley*, 9 Ga. 278, 280. The complained of paragraphs also amounted to the pleading of evidence and the court properly sustained the special demurrers to paragraphs 23, 24, 25, 26, 27 and 28 of the amended petition.

■ The defendant commissioners demurred specially to paragraph 20 of the petition as being a conclusion inconsistent with the facts alleged. Paragraph 20 states: "The execution of such contract by said commissioners was not in the exercise of their sound discretion as public officers on behalf of Gwinnett County but was done by said commissioners for the purpose of carrying out said fraudulent and unlawful conspiracy and for the personal gain of the defendants." We cannot agree with the defendants' contention. The plaintiff alleged that the defendant Vinson conspired to pay to the defendant commissioners $10,000 each and that the basis for the conspiracy was the granting of the contract to the defendant Vinson. The allegations of para-

graph 20 then are in furtherance of and not inconsistent with the other allegations pleaded, and the court erred in sustaining the demurrer.

■ Paragraph 29 of the amended petition was demurred to specially on the ground that the allegations were not germane or relevant. Paragraph 29 alleged that a group of citizens learned of the activities of G & H Supply Co. and of the breach of fiduciary relationship between Vinson & Company and Vinson, and the county and employed attorneys for the purpose of enjoining the continued employment of the defendant Vinson. The special demurrer to the allegations as pleaded was improperly sustained. The demurrer was to the whole paragraph, and not all of it was subject to demurrer. The reference to the G & H Supply Co. alone is objectionable. The court erred in sustaining the demurrer to the whole paragraph.

■ It is contended by the defendant commissioners that the amount of money the plaintiff paid to secure the services of the replacement engineering firm, Garcia & Associates, Inc., as set forth in paragraph 38, is not material or germane. We think it necessary, in order to show the amount of damages which the plaintiff alleges it suffered, that it set forth the amounts it did pay and allege the amounts it should have paid for the services. The court erred in sustaining the demurrer to paragraph 38.

■ The court correctly sustained the demurrer to paragraph 40 which alleged that the defendant Vinson & Company paid to each of the defendant commissioners $10,000 without alleging when the money was paid. The petition should allege when the money was paid, or if that fact is unknown to the plaintiff, it should be alleged that the fact is unknown to it. Under the circumstances the plaintiff is granted permission to cure the defect pointed out, by amendment, or suffer dismissal of the action.

■ The plaintiff alleged in paragraph 45 that all of the defendants are guilty of fraud and unlawful conduct, and the defendants demurred on the ground that the allegation was a prejudicial conclusion unsupported by fact. It is apparent from the remainder of the pleadings that sufficient allegations are properly made, and a cause of action shown, which justifies an allegation of fraud. The court erred in sustaining the demurrer to paragraph 45 of the amended petition.

The defendants Vinson and Vinson & Company renewed in a general way the original demurrers without specifying detailed grounds in the renewed demurrer. Therefore, the numbers of paragraphs demurred to in the original petition in many instances do not correspond to the numbers of paragraphs in the amended petition. In some instances the paragraphs were deleted in the amended petition. This court has, wherever possible, attempted to ascertain by the original demurrer which paragraphs of the amended petition are demurred to.

For the reasons stated in the opinion, the petition sets out a cause of action against all defendants, and the court erred in sustaining the general demurrers to the petition as amended.

■ Paragraphs 13 and 18 of the original petition (paragraphs 15 and 21 of the amended petition) are demurred to specially on the ground that a conclusion was pleaded in pleading that a conspiracy was entered into by the defendants to pay "excessive, exorbitant and unreasonable" compensation to the defendants Vinson and Vinson & Company. The facts alleged in the petition clearly and sufficiently set out that a conspiracy existed. If a conspiracy existed between the defendants, whether or not the compensations were "excessive, exorbitant, and unreasonable" or that rebates occurred, are jury questions. The allegations are sufficient to withstand demurrer, and the court erred in sustaining the demurrer to paragraphs 15 and 21 of the amended petition.

The defect in paragraph 19 of the original petition was cured by amendment.

The defects in paragraphs 22, 23, 24, 25 and 26 of the original petition were cured by amendment.

The defect in paragraph 30 of the original petition was cured by amendment.

The court erred in sustaining the general demurrers and the special demurrers, except those to paragraphs 23 through 28 and to paragraph 40.

*Judgments affirmed in part and reversed in part, with direction that if paragraph 40 is not amended as provided for herein, the judgments as to the demurrer to paragraph 40 and the general demurrers of defendants Archer, Cain and Dover be affirmed. Nichols and Bell, JJ., concur.*