40853.   ARCHER et al. v. GWINNETT COUNTY.

470

Decided September 21, 1964—Rehearing denied October 14, 1964.

*R. F. Duncan, James M. Roberts,* for plaintiffs in error.

*Edward S. White, Allen E. Lockerman, Dudley S. Hancock,* contra.

NICHOLS, Presiding Judge. ■ The defendants in their brief state that the sole question for decision is whether the action was barred by the statute of limitation. Accordingly, the question as to whether the petition set forth a cause of action is treated as having been abandoned.

■ The defendants rely upon *Gwinnett County v. Archer,* 102 Ga. App. 821, 824 (118 SE2d 102), and *Cook v. Commissioners of Houston County,* 62 Ga. 223, to support their contention that the statute of limitation began to run against the county when the terms of office of the defendants expired on December 31, 1956, which was more than four years prior to the time the action was filed. In the first cited case it was held: "The theory that the limitation of four years commences at the expiration of the term of office of a public official is that it is on that date that he relinquishes and returns his office and public funds to the public body, and it is from that date that the public body can ascertain if wrong has been perpetrated. The distinguishing factor seems to be that if the public official is not only guilty of intentional breach of public duty, but is also guilty of fraud and concealment in connection with public moneys, the statute of limitations begins at the expiration of his term of office." In the second cited case, p. 233, the Supreme Court laid down the rule that the statute started running from the date the officer returned his public office to the governing body, and in such case it was held: "Though it appears that the claims of Cook were false and fraudulent, yet it does not appear from the auditor's report, or otherwise, that there was any concealment or artifice

used by Cook to cover up or hide the nature of his transactions and prevent investigation or suit. In other words, he was not guilty of any fraud by which the complainants were debarred or deterred from commencing their suit at an earlier period, so as to prevent the running of the statute on this ground. Code, section 2931 [*Code* § 3-807]."

In the case sub judice, according to the allegations of the petition, there were actions on the part of the defendants to conceal and hide the transactions which would prevent the statute of limitation from attaching until 1962. Accordingly, the trial court did not err in overruling the ground of demurrer which sought to have the case dismissed because the petition showed on its face that the statute of limitation had run.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ON MOTION FOR REHEARING.

Under the decision of the Supreme Court in *Cook v. Commissioners of Houston County,* 62 Ga. 223, supra, the statute of limitation does not begin to run in a case against a public official for fraud *coupled with concealment thereof* until the fraud is discovered, and any holding contrary thereto in *Gwinnett County v. Archer,* 102 Ga. App. 821, supra, must yield to the decision of the Supreme Court and *Code* § 3-807.

*Rehearing denied.*